IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 5 2012

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

PENNY SLATER, as Personal Representative of the
Estate of GLORIA SLATER, deceased, and on behalf
of the wrongful death beneficiaries of GLORIA
SLATER                                                          PLAINTIFF

v.                    CASE NO.: CV 5:12CV 447 DPM

CAPITAL SENIORCARE VENTURES, LLC;
COLUMN GUARANTEED LLC;
SLC PROPERTIES, LLC; SLC PROPERTY HOLDINGS, LLC; This case assigned to District Judge Marshall
SLC PROPERTY INVESTORS, LLC; EOR-ARK, LLC; and to Magistrate Judge Ray
VAJ, LLC; SLC OPERATIONS MASTER TENANT, LLC;
SLC OPERATIONS HOLDINGS, LLC;
SENIOR LIVING COMMUNITIES OF ARKANSAS, LLC;
SLC PROFESSIONALS, LLC f/k/a SLC PROFESSIONALS OF
ARKANSAS, LLC; SLC PROFESSIONALS HOLDINGS, LLC;
SENIOR VANTAGE POINT, LLC; ADDIT, LLC;
QUALITY REVIEW, LLC; SOUTHERN HERITAGE HEALTH
AND REHABILITATION, LLC; MCGEHEE HOLDINGS, LLC;
DEBORAH THORNTON, in her capacity as Administrator of
SOUTHERN HERITAGE HEALTH AND REHABILITATION,
LLC; and JOHN DOE 1 through 5, UNKNOWN DEFENDANTS          DEFENDANTS

## NOTICE OF REMOVAL

Together the Defendants, Capital SeniorCare Ventures, LLC; SLC Properties, LLC; SLC

Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC

Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of

Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC

Professionals Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC;

Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; and Deborah

Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC,

for their joint Notice of Removal of this action from the Circuit Court of Desha County,

4835-2206-4402.1

Arkansas to the United States District Court for the Eastern District of Arkansas, Pine Bluff Division, state:

1. The removed action is currently pending in the Circuit Court of Desha County, Arkansas, case number CV-2012-101-1, styled *Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater v. Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professionals Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; and Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC; and John Doe 1 through 5, Unknown Defendants* (herein the "Removed Action").

2. The Complaint was filed on October 15, 2012, and Defendant Southern Heritage Health and Rehabilitation, LLC—the first Defendant served—received the Complaint on November 7, 2012. Because the Defendants have submitted this Notice of Removal within 30 days of November 7, 2012, this notice of removal is timely filed. 28 U.S.C. § 1446(b)(1).

3. This Court has original jurisdiction of the removed action pursuant to 28 U.S.C. § 1331, and accordingly, this case is removable by the Defendants under 28 U.S.C. § 1441(a).

4. The Plaintiff's state-law civil conspiracy claim necessarily raises a stated federal issue, and the case is therefore removable on the basis of federal-question jurisdiction. *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). In determining whether a case fits this category of federal-question jurisdiction, the question is whether "a state-

law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." *Id.* at 314.   The Plaintiff's characterization of its claims is not dispositive of whether federal question jurisdiction exists. *Cent. Iowa Power Co-Op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).   Instead, if the Plaintiff's "right to relief necessarily depends on the resolution of a disputed and substantial question of federal law," then federal jurisdiction exists. *Id.*

5.      Here, the Plaintiff's Complaint includes a claim for civil conspiracy under state law.  Pl.'s Compl. at ¶¶ 105-113.  In order to prove civil conspiracy, "a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive, or immoral means, to the injury of another." *Allen v. Allison*, 356 Ark. 403, 413, 155 S.W.3d 682, 689 (2004).  In support of its civil conspiracy claim, the Plaintiff alleges that the Defendants conspired to obtain HUD funding for an improper purpose, Pl.'s Compl. at ¶ 110, and illegally or improperly sought to "divert Medicare or Medicaid funds intended to be used for patient care and services and, instead, funneled that money into corporate profits," Pl.'s Compl. at ¶ 111.  Because the Plaintiff must prove an underlying wrongful act to establish civil conspiracy, the Plaintiff necessarily must prove that the Defendants violated federal law and regulations regarding HUD financing, Medicare, and/or Medicaid. *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 550-51 (8th Cir. 1996) (holding that state law conspiracy claim triggered federal question jurisdiction because federal law provided the only substantive measure for whether the defendants conspired to commit an unlawful act or to commit a lawful act in an unlawful manner).

3

6.     Because the removed action is pending in the Circuit Court of Desha County, Arkansas, this Court is the appropriate court for removal of this action pursuant to 28 U.S.C. § 1446(a).

7.     Attached to this Notice of Removal as Exhibit A is a copy of all pleadings and orders that have been filed in the removed action. *See* Exhibit A.

8.     A copy of this Notice of Removal is being filed concurrently in the removed action in the Circuit Court of Desha County, Arkansas.

WHEREFORE, the Defendants Capital SeniorCare Ventures, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professionals Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; and Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, hereby give their Notice of Removal of the removed action to this Court and respectfully request that this Court grant the Defendants all just and proper relief.

4

Respectfully Submitted,

By: _____
Mark W. Dossett, AR 95174
KUTAK ROCK LLP
234 East Millsap Road, Suite 400
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
Mark.Dossett@KutakRock.com


**ATTORNEYS FOR DEFENDANTS
Capital SeniorCare Ventures, LLC; SLC
Properties, LLC; SLC Properties, LLC;
SLC Property Holdings, LLC; SLC
Property Investors, LLC; EOR-ARK,
LLC; VAJ LLC; SLC Operations Master
Tenant, LLC; SLC Operations Holdings,
LLC; Senior Living Communities of
Arkansas, LLC; SLC Professionals, LLC
f/k/a SLC Professionals of Arkansas,
LLC; SLC Professionals Holdings, LLC;
Senior Vantage Point, LLC; ADDIT,
LLC; Quality Review, LLC; Southern
Heritage Health and Rehabilitation, LLC;
McGehee Holdings, LLC; and Deborah
Thornton, in her capacity as
Administrator of Southern Heritage
Health and Rehabilitation, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I served this <u>Notice of Removal</u> by mailing it on this 5th day of December, 2012 to:

Ms. Melody H. Piazza                    Mr. Michael N. Shannon
Ms. Deborah T. Riordan                  Mr. Joseph W. Price, II
**Wilkes & McHugh, P.A.**               Ms. Jennifer Wethington Merritt
One Information Way, Suite 300          **Quaddlebaum, Grooms, Tull & Burrow PLLC**
Little Rock, AR  72202                  111 Center Street
                                        Little Rock, AR  72201

_____
Mark W. Dossett

4835-2206-4402.1

Multiple claims. If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive q   nature of the case should be selected and comp   d.

## COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

### FILING INFORMATION

County: Desha   District: *10*   Docket Number: *CV2012 -101-1*
Judge: *Sam Pope*   Division: *1*   Filing Date: *10-15-12*

Plaintiff:
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

Defendants:
Capital SeniorCare Ventures, LLC, et al.

Attorney Providing Information:
[X] Plaintiff  [ ] Defendant  [ ] Intervenor

Litigant, if *Pro Se:*
_____

Address and Phone Number:
Melody H. Piazza
Deborah T. Riordan
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas 72202
Tel: (501) 371-9903; Fax: (501) 371-9905

Related Case(s): Judge _____   Case Number(s) _____

Type of Case:

| *Torts* | *Equity* | *Miscellaneous* |
|---|---|---|
| [ ] (NM) Negligence: Motor Vehicle | [ ] (FC) Foreclosure | [ ] (CD) Condemnation |
| [ ] (NO) Negligence: Other | [ ] (QT) Quiet Title | [ ] (RE) Replevin |
| [ ] (BF) Bad Faith | [ ] (IJ) Injunction | [ ] (DJ) Declaratory Judgment |
| [ ] (FR) Fraud | [ ] (PT) Partition | [ ] (UD) Unlawful Detainer |
| [ ] (MP) Malpractice | [ ] (OT) Other _____ | [ ] (IN) Incorporation |
| [ ] (PL) Products Liability | | [ ] (EL) Election |
| [X] (OD) Other Nursing Home Negligence | | [ ] (FJ) Foreign Judgment |
| *Contracts* | | [ ] (WT) Writs _____ |
| [ ] (IS) Insurance | | [ ] (AA) Administrative Appeal |
| [ ] (DO) Debt: Open Account | | [ ] (CF) Property Forfeiture |
| [ ] (PN) Debt: Promissory Note | | [ ] (OM) Other _____ |
| [ ] (EM) Employment | | |
| [ ] (OC) Other _____ | | |

Jury Trial Requested: [X] Yes [ ] No    Manner of Filing: [X] Original [ ] Re-open [ ] Transfer
[ ] Return from Federal/Bankruptcy Court

### DISPOSITION INFORMATION

Disposition Date: _____   [ ] Bench Trial   [ ] Non Trial   [ ] Jury Trial

Judgment Type:
[ ] (DJ) Default Judgment
[ ] (SJ) Summary Judgment
[ ] (CJ) Consent Judgment
[ ] (TJ) Trial Judgment
[ ] (OJ) Other Judgment
[ ] (PG) Petition Granted
[ ] (PD) Petition Denied
[ ] (DF) Decree of Foreclosure

Dismissal Type:
[ ] (DW) Dismissed with Prejudice
[ ] (DN) Dismissed without Prejudice

Other:
[ ] (TR) Transferred to Another Jurisdiction
[ ] (RB) Removed to Bankruptcy Court
[ ] (RF) Removed to Federal Court
[ ] (AR) Arbitration

Judgment For:
[ ] Plaintiff  [ ] Defendant  [ ] Both    Judgment Amount: $ _____

Clerk's Signature _____   Date _____
AOC 23 10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC
Send 1 paper or electronic copy to AOC
Keep original in court file.

EXHIBIT A



2012C0269
SKIPPY LEEK
DESHA COUNTY CIRCUIT CLERK
RECORDED ON
10/15/2012    03:07:38PM

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS

_CIVIL_ DIVISION

Penny Slater, as Personal Representative of the
Estate of Gloria Slater, deceased, and on behalf
of the wrongful death beneficiaries of Gloria Slater          PLAINTIFF

vs.                         NO. CV-_2012-101-1_

Capital SeniorCare Ventures, LLC;
Column Guaranteed LLC; SLC Properties, LLC;
SLC Property Holdings, LLC; SLC Property
Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations
Holdings, LLC; Senior Living Communities of
Arkansas, LLC; SLC Professionals, LLC f/k/a
SLC Professionals of Arkansas, LLC; SLC
Professionals Holdings, LLC; Senior Vantage
Point, LLC; ADDIT, LLC; Quality Review, LLC;
Southern Heritage Health and Rehabilitation, LLC;
McGehee Holdings, LLC; Deborah Thornton, in
her capacity as Administrator of Southern Heritage
Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                           DEFENDANTS

## COMPLAINT

    1.    Defendant Capital SeniorCare Ventures, LLC is a Delaware limited liability

company that was organized on October 18, 2006, as a subsidiary of Capital Funding

Group, Inc.   Effective July 1, 2009, Defendant Capital SeniorCare Ventures, LLC

purchased from Beverly Enterprises-Arkansas, Inc. and affiliates of Beverly Enterprises-

Arkansas, Inc., the real property and certain tangible and intangible personal property

for 12 skilled nursing facilities pursuant to an Agreement for Sale of Nursing Home

Properties dated September 22, 2008, as later amended and restated. Included among

the 12 facilities in the sale was the facility located at 700 Mark Drive, McGehee,

Arkansas, then known as Golden LivingCenter – McGehee.  In conjunction with the sale

FILED _10-15-12_ BY
AT _2:00_ O'CLOCK
SKIPPY LEEK - DESHA COUNTY
CIRCUIT COURT CLERK
ARKANSAS CITY, ARKANSAS

to Capital SeniorCare Ventures, LLC, the individual operating affiliates of Beverly Enterprises-Arkansas, Inc. entered into separate Operations Transfer Agreements for the transfer of the operating contracts and ongoing operations of the 12 facilities. Capital SeniorCare Ventures obtained HUD financing in the original principal amount of $61,021,300.00 for the purchase of the facilities. It then, through 12 single purpose entities, collectively leased the facility properties to SLC Properties, LLC, a Delaware limited liability company, pursuant to a Master Lease and Security Agreement, with an initial annual minimum rent of $7,000,000. The agent for service of process for Defendant Capital SeniorCare Ventures, LLC is HIQ Corporate Services, Inc., 3500 South Dupont Highway, Dover, Delaware 19901.

2.      Defendant Column Guaranteed LLC is a Delaware limited liability company that provided the HUD financing for Capital SeniorCare Ventures, LLC's purchase of the Beverly Enterprises-Arkansas, Inc. facilities, including the facility located at 700 Mark Drive, McGehee, Arkansas, then known as Golden LivingCenter - McGehee. Defendant Column Guaranteed, LLC is defined as the "Senior Lender" under the Master Lease and Security Agreement. Pursuant to the Master Lease and Security Agreement, Column Guaranteed LLC exercised consistent oversight of the acquired facilities in the form of weekly and monthly reporting and monitoring of documents such as financial reports, budgets, licenses, surveys, inspections, and notices of violations of state, federal, and local regulations. The agent for service of process on Defendant Column Guaranteed LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

2

3.      Defendant SLC Properties, LLC, Tenant under the Master Lease and Security Agreement, is a Delaware limited liability company that was organized on October 20, 2008.  During all relevant times hereto, Jerry Kemper served as the sole Manager of Defendant SLC Properties, LLC.   Defendant SLC Properties, LLC is wholly owned by Defendant SLC Property Holdings, LLC, a Delaware limited liability company also organized on October 20, 2008. 100% of the membership interests in Defendant SLC Property Holdings, LLC is owned by Defendant SLC Property Investors, LLC, a Delaware limited liability company organized on October 20, 2008.  Until September 1, 2011, Defendant SLC Property Investors, LLC, was jointly owned by Defendant EOR-ARK, LLC, a Delaware limited liability company organized on· October 14, 2008, and Defendant VAJ LLC, an Indiana limited liability company organized on December 3, 2008.   The allegations contained herein concern the operation of SLC Property Investors, LLC during the period of EOR-ARK, LLC and VAJ LLC's ownership of SLC Property Investors, LLC.   The agent for service of process for Defendant SLC Properties, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  The agent for service of process for Defendant SLC Property Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  The agent for service of process for Defendant SLC Property Investors, LLC is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4.      From July 1, 2009 until August 31, 2011, several layers of intertwined, wholly-owned entities operating under the common name of "SLC," or Senior Living Communities, leased and/or operated the long term care facilities Capital SeniorCare

3

Ventures, LLC acquired from Beverly Enterprises-Arkansas, Inc., including the facility located at 700 Mark Drive, McGehee, Arkansas, formerly known as Golden LivingCenter – McGee, and changed effective July 1, 2009 to Southern Heritage Health and Rehabilitation, LLC.  Defendant EOR-Ark, LLC and Defendant VAJ LLC constituted the top tier of the layers of SLC entities, ultimately owning and controlling each facility. The allegations contained herein concern the operations of the SLC entities during the period August 25, 2010 to July 18, 2011. 100% of the membership interests of Defendant EOR-Ark, LLC are owned by William and Pamela Smith. 100% of the membership interests of VAJ LLC are owned by Jerry Kemper.  Defendant EOR-ARK, LLC may be served by or through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Defendant VAJ LLC may be served by or through its registered agent, Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

5.     On July 1, 2009, Defendant SLC Properties, LLC, as Sublandlord, subleased the property for the 12 SLC-operated facilities, including the facility located at 700 Mark Drive, McGehee, Arkansas, to Defendant SLC Operations Master Tenant, LLC, a Delaware limited liability company, as Subtenant, pursuant to a Master Sublease Agreement dated June 30, 2009.

6.     That same date, Defendant SLC Operations Master Tenant, LLC subleased the 12 properties to the 12 operator holding companies which held the licenses to operate the long term care facilities pursuant to separate Sub-Sublease Agreements by and between Defendant SLC Operations Master Tenant, LLC, as Sublandlord, and the individual operator holding companies, as Subtenants.  In this

case, the relevant operator holding company was Defendant Southern Heritage Health and Rehabilitation, LLC.   During all relevant times hereto, Jerry Kemper was the sole Manager of Defendant SLC Operations Master Tenant, LLC and was also the sole Manager of the 12 Subtenants.   The agent for service of process for Defendant SLC Operations Master Tenant, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7.     At all times relevant hereto, Defendant SLC Operations Holdings, LLC, a Delaware limited liability company, owned 100% of the membership interests in Defendant SLC Operations Master Tenant, LLC. Defendant Senior Living Communities of Arkansas, LLC, a Delaware limited liability company authorized to do business in the State of Arkansas, owns 100% of the limited liability company membership interests in Defendant SLC Operations Holdings, LLC. The agent for service of process for Defendant SLC Operations Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.   Defendant Senior Living Communities of Arkansas, LLC's registered agent for service of process is Corporate Service Company, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

8.     At all times relevant hereto, Defendant SLC Professionals Holdings, LLC, a Delaware limited liability company, owned 100% of the limited liability company membership interests in Defendant SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC.   At all times relevant hereto, Defendant SLC Professionals Holdings, LLC was owned 90% by EOR-Ark, LLC and 10% by VAJ LLC.  The agent for service of process for Defendant SLC Professionals Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5

9.     Defendant SLC Professionals, LLC, formerly known as SLC Professionals of Arkansas, LLC, is an Arkansas limited liability company that was organized on December 11, 2008. On July 1, 2009, Defendant SLC Professionals of Arkansas, LLC entered into individual Professional Service Agreements with the SLC-operated facilities, including Southern Heritage Health and Rehabilitation, LLC, to provide certain specialized health care and consulting services at the facilities, including operations, quality assurance, dietary services, reimbursement, business office services, marketing and business development, and physical plant maintenance. Pursuant to the 2009 Professional Service Agreements, the facilities provided healthcare information to Defendant SLC Professionals of Arkansas, LLC, including factors critical to the well-being of residents such as skin audits, weight loss and other quality of care indicators. In consideration for the consultant services, the facilities paid a consultant fee to Defendant SLC Professionals of Arkansas, LLC. The initial fee for this service paid by Defendant Southern Heritage Health and Rehabilitation, LLC, for example, was $6,250.00 per month. The initial term of the 2009 Professional Service Agreement was 5 years.

10.    On January 1, 2011, Defendant SLC Professionals of Arkansas, LLC entered into new, individual Professional Service Agreements with the SLC-operated facilities to provide certain specialized health care and consulting services at the facilities, including operations, quality assurance, dietary services, reimbursement, business office services, marketing and business development, and physical plant maintenance.  Pursuant to the 2011 Professional Service Agreements, the facilities provided healthcare information to Defendant SLC Professionals of Arkansas, LLC,

6

including factors critical to the well-being of residents such as skin audits, weight loss and other quality of care indicators. In consideration for the consultant services, the facilities paid a consultant fee to Defendant SLC Professionals of Arkansas, LLC. The initial fee paid by Defendant Southern Heritage Health and Rehabilitation, LLC, pursuant to the 2011 Professional Services Agreement was $8,241.00 per month. The initial term of the 2011 Professional Service Agreement was one year.

11.     As the President of Defendant SLC Professionals of Arkansas, LLC, David Merrell oversaw the operations and reviewed the budgets for the long-term care facilities in Arkansas. David Merrell has previously testified that his job duties included helping the facilities "accomplish what they needed to do day to day to run their buildings." During times relevant hereto, Defendant SLC Professionals of Arkansas, LLC hired and employed two Regional Vice Presidents, who were responsible for hiring and supervising Directors of Nursing ("DONs") and Administrators to manage each of the SLC facilities, including Southern Heritage Health and Rehabilitation, LLC. During times relevant hereto, the Regional Vice Presidents assisted the DONs and Administrators with education and training of staff at the facilities and were present at the facilities on a weekly basis. They held weekly conference calls with the administrators of the facilities and tracked spending at the facilities online, checking in with the administrator when numbers looked out of line.    They also spoke with family members in situations where the family was not satisfied with the Administrator's resolution of issues with care or treatment.

12.     During times relevant hereto, Merrell was the supervisor of the Regional Vice Presidents and spoke with them on a daily basis about various operational issues.

7

David Merrell also participated in the hiring of DONs and Administrators for each facility. Merrell met with the Administrators at each facility and trained them as to their duties. During times relevant hereto, Defendant SLC Professionals of Arkansas, LLC charged the facility Administrators with the duty of monitoring the operating budgets they were given and staying within that budget. Merrell hired the consulting staff and other staff to facilitate Defendant SLC Professionals of Arkansas, LLC's involvement in operation of the facilities. During times relevant hereto, staff at Defendant SLC Professionals of Arkansas, LLC included four quality assurance ("QA") nurses, who were hired to ensure all policies and procedures, as well as state and federal guidelines for operation and care and treatment of residents, were implemented. Defendant SLC Professionals of Arkansas, LLC's QA nurses also were charged with making sure the DONs were properly trained. In their responsibility to oversee and ensure quality of care of residents, the QA nurses conducted internal inspections, toured the facilities, and reviewed charts and state surveys. The QA nurses reported to the Administrator and DON if they found any areas that needed to be addressed at a facility. They also reported to the Regional Vice Presidents.

13.    During times relevant hereto, David Merrell reviewed the state surveys, citing deficiencies in care at the facility, regarding any specific or recurring problems at a facility. The Regional Vice Presidents, who were notified when surveys were in progress and were consulted by the facility regarding the plan of correction that resulted, would give David Merrell notice of the surveys, depending on the severity of the deficiencies in care cited by the State. Mr. Merrell would involve the QA nurses in

the plans of correction for the facility, which were mandatory to bring a facility cited for deficiencies into compliance with the law.

14.     Defendant SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC continues to provide consulting services to the facilities formerly operated by SLC. However, the membership interests of Defendant SLC Professionals Holdings, LLC were sold on September 1, 2011, at which point the name of SLC Professionals of Arkansas, LLC was changed to SLC Professionals, LLC.   The agent for service of process for Defendant SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC is HIQ Corporate Services, Inc., 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

15.     Defendant Senior Vantage Point, LLC is an Indiana limited liability company organized on September 18, 2008.   On July 1, 2009, Defendant Senior Vantage Point, LLC entered into identical Executive Service Agreements with each of the SLC facilities, including Southern Heritage Health and Rehabilitation, LLC.   Jerry Kemper signed each of the agreements on behalf of both Defendant Senior Vantage Point, LLC and the facilities.

16.     The Executive Service Agreements required Defendant Senior Vantage Point, LLC to provide human resources, purchasing and other business support services to the facilities.   In addition, Defendant Senior Vantage Point, LLC was obligated to advise the facilities on insurance risk management matters, process insurance claims, and assist in the administration of the facilities' company compliance program.  Under the same agreements, the facilities were obligated to timely provide all information and supporting services reasonably required by Defendant Senior Vantage

9

Point, LLC to perform its duties. In consideration for these consultant services, the facilities paid a consultant fee to Defendant Senior Vantage Point, LLC. The initial fee for this service paid by Defendant Southern Heritage Health and Rehabilitation, LLC was $6,139.00 per month. The initial term of the Executive Service Agreements was five years.

17.     Cost reports filed with the Arkansas Office of Long Term Care reflect that the majority ownership interest in Senior Vantage Point, LLC was controlled by Jerry Kemper, who also served as its initial Chief Financial Officer, and William Smith. Cost reports filed with the Arkansas Office of Long Term Care further designate Senior Vantage Point, LLC as the "home office" of Southern Heritage Health and Rehabilitation, LLC during the relevant period.

18.     Defendant Senior Vantage Point, LLC had access to and shared the same computer system set up for operation of all of the SLC facilities. This system was used by Defendant SLC Professionals of Arkansas, LLC for tracking patient census data and other information vital to operating the facilities. According to Chief Financial Officer Jerry Kemper, Defendant Senior Vantage Point, LLC provided general oversight to the entire organization of affiliated companies owned by Jerry Kemper and William Smith during the relevant period. In 2010, the operations of Defendant Senior Vantage Point, LLC were taken over by ADDIT, LLC. Senior Vantage Point, LLC remains an active limited liability company in Indiana, the state of its organization. The agent for service of process for Defendant Senior Vantage Point, LLC is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

19.    Defendant ADDIT, LLC is an Indiana limited liability company that was organized on August 14, 2008.   Its principal office is located at 9785 Crosspoint Boulevard, Suite 110, Indianapolis, Indiana.   At the time of its formation, Defendant ADDIT, LLC was 100% owned by William Smith.   Defendant ADDIT, LLC originally provided only financial services and back office support to long term care facilities.   In 2010, Defendant Senior Vantage Point, LLC's operations merged with and into Defendant ADDIT, LLC.   Following the 2010 merger, the services that Defendant Senior Vantage Point, LLC had provided to the SLC facilities, including Southern Heritage Health and Rehabilitation, LLC, were provided by Defendant ADDIT, LLC.   Upon the Senior Vantage Point, LLC and ADDIT, LLC merger, Jerry Kemper became employed with Defendant ADDIT, LLC as the general Manager and performed the same function for the facilities that he performed on behalf of Defendant Senior Vantage Point, LLC.

20.    On January 1, 2011, ADDIT, LLC entered into an Accounting and Support Services Agreement with each of the SLC facilities, including Southern Heritage Health and Rehabilitation, LLC, whereby ADDIT, LLC agreed to provide certain information systems, accounting, bookkeeping, and support services for the facilities.   In addition, ADDIT, LLC agreed to provide human resources, insurance risk management, and company compliance program services to the facilities.   The initial term of the Accounting and Support Services Agreement was to be 5 years.   Pursuant to the 2011 Accounting and Support Services Agreement with Southern Heritage Health and Rehabilitation, LLC, Southern Heritage Health and Rehabilitation, LLC was to pay ADDIT, LLC a monthly consulting fee in the amount of $7,755.00. The agent for service

11

of process for Defendant ADDIT, LLC is HIQ Corporate Services, Inc., 5217 Palisade Court, First Floor, Indianapolis, Indiana 46237.

21.    Defendant Quality Review, LLC is an Indiana limited liability company that was organized on October 30, 2009.  At the time of its formation, Defendant Quality Review, LLC was 100% owned by William Smith.   According to William Smith, Defendant Quality Review, LLC was created to oversee the clinical side of the facilities' operations.  On January 1, 2010, Defendant Quality Review, LLC entered into a Quality Assurance Consultant Agreement with each of the SLC-operated facilities, including Southern Heritage Health and Rehabilitation, LLC, whereby it agreed to provide "quality assurance consultation" to each facility.  As a result, Defendant Quality Review, LLC took over the nurse consulting services Defendant SLC Professionals of Arkansas, LLC previously provided to the facilities.   The four quality assurance nurses originally employed by Defendant SLC Professionals of Arkansas, LLC became employed by Defendant Quality Review, LLC.  In addition, Defendant Quality Review, LLC created the policies and procedures for nursing and caretaking at the SLC facilities in Arkansas, including Southern Heritage Health and Rehabilitation, LLC.

22.    Pursuant to the Quality Assurance Consultant Agreement, it was the job of the Defendant Quality Review nurse consultants to oversee the nursing practice at the facilities and to make sure the facilities consistently applied the federal and state guidelines.  During times relevant hereto, Defendant Quality Review's nurse consultants also performed nursing audits of the facilities, including Southern Heritage Health and Rehabilitation, LLC, to make sure all the guidelines were being followed.  During times

12

relevant hereto, the President of Defendant Quality Review traveled to the facilities often, and she reported directly to Jerry Kemper.

23.     During times relevant hereto, William Smith, the sole owner of Defendant Quality Review, LLC, personally visited the facilities twice a month.  In addition, he held monthly meetings with the administrators and directors of nursing of the facilities to cover such items as new policies and procedures, financials, marketing, census, and survey issues.  He also met with the administrators in person, by phone, and he corresponded with them by email, on such matters as census and financial statements.

24.     Through Defendant Quality Review, LLC's oversight and control, during times relevant hereto, William Smith requested and received facility census, budgeting and marketing information on a daily basis.  During times relevant hereto, William Smith was involved in assisting facilities cited for deficient care by the State of Arkansas with getting back into compliance.  Further, William Smith has acknowledged that he was the one with the authority to direct the facilities to stop accepting new admissions if Medicare and Medicaid stopped paying for new admissions based on bad surveys.  The agent for service of process for Defendant Quality Review, LLC is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

25.     Defendant Southern Heritage Health and Rehabilitation, LLC, is a domestic limited liability company that, at all times relevant hereto, has held the license for a nursing facility located at 700 Mark Drive, McGehee, Desha County, Arkansas 71654.  The Southern Heritage Health and Rehabilitation facility was one of the facilities purchased by Capital SeniorCare Ventures, LLC from Beverly Enterprises-Arkansas, Inc.  During all times relevant hereto, the facility was operated by Southern Heritage

13

Health and Rehabilitation, LLC and the SLC entities named herein.  The agent for service of process for Defendant Southern Heritage Health and Rehabilitation, LLC, is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

26.    At all times relevant hereto, Defendant McGehee Holdings, LLC was the 100% owner of Southern Heritage Health and Rehabilitation, LLC.  McGehee Holdings, LLC is a foreign limited liability company that at times material to this lawsuit owned, operated, managed, controlled and/or provided services to Southern Heritage Health and Rehabilitation, LLC.  The causes of action made the basis of this suit arose out of Defendant McGehee Holdings, LLC's ownership, operation, management, control and/or services provided for Southern Heritage Health and Rehabilitation, LLC during the residency of Gloria Slater.  The agent for service of process for Defendant McGehee Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

27.    Gloria Slater was admitted on August 25, 2010, as a resident of Defendant Southern Heritage Health and Rehabilitation, LLC.  Except for times when she was hospitalized, Gloria Slater remained a resident of the Southern Heritage facility until July 18, 2011.  Gloria Slater died on June 26, 2012.

28.    Penny Slater, a resident of McGehee, Desha County, Arkansas, is the Personal Representative of the Estate of Gloria Slater, deceased, pursuant to Order of Desha County Circuit Court, Probate Division, Case No. PR-2012-63-2, attached hereto as **Exhibit A**, and brings this action on behalf of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater, pursuant to the

14

Arkansas Survival of Actions Statute (Ark. Code Ann. § 16-62-101) and the Arkansas Wrongful Death Act (Ark. Code Ann. § 16-62-102).   Penny Slater brings this action against Defendants claiming damages on behalf of Gloria Slater arising out of care, services and treatment by Defendants during the time that Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC.

29.     Upon information and belief, Defendant Deborah Thornton, a resident of the State of Arkansas, was an Administrator of Southern Heritage Health and Rehabilitation, LLC at times during the residency of Gloria Slater.  Defendant Deborah Thornton may be served at her last known address.

30.     Defendants John Doe 1 through 5 are entities and/or persons, either providing care and services to Gloria Slater, or directly or vicariously liable for the injuries of Gloria Slater.   Plaintiff is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation.  Said Defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services provided to or withheld from Gloria Slater during her residency at Defendants' facility.

31.     Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to, and includes Senior Living Communities of Arkansas, LLC, SLC Operations Holdings, LLC, SLC Operations Master Tenant, LLC, SLC Properties, LLC, SLC Property Holdings, LLC, SLC Property Investors, LLC, SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC, SLC Professionals Holdings, LLC, EOR-Ark, LLC, VAJ LLC, Column Guaranteed LLC, Senior Vantage Point, LLC, ADDIT, LLC, Quality Review, LLC, Capital SeniorCare Ventures, LLC,

Southern Heritage Health and Rehabilitation, LLC, McGehee Holdings, LLC; and unknown John Doe Defendants.

32.     Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Deborah Thornton.

33.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to, and includes, all named Defendants in this lawsuit, including unknown John Doe Defendants.

34.     Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS REGARDING THE INJURIES INCURRED BY GLORIA SLATER

35.     Gloria Slater was admitted to Southern Heritage Health and Rehabilitation, LLC on August 25, 2010 as a total care resident. She was dependent on facility staff for assistance with activities of daily living, including bathing, oral hygiene, grooming, dressing, transfers, and ambulation.

36.     Gloria Slater's mental status was noted on admission as alert and oriented to self and family only. At all times during her residency, Gloria Slater lacked sufficient understanding or capacity to make or communicate decisions to meet the essential requirements for her health and safety, and she was incapable of conducting or managing her personal and business affairs. Thus, Gloria Slater was "insane" as that term has been interpreted pursuant to Ark. Code Ann. section 28-65-101.

37.     Gloria Slater weight upon admission was recorded as 139 pounds. She had a PEG tube and received all medications by her PEG tube. A mechanical soft diet with no meats was given for pleasure feeding at each meal at her request.

16

38.     An initial skin assessment revealed the following: a scab to Gloria Slater's left lateral ankle; a 1.0x0.4cm Stage II wound to coccyx; a 2.0x2.0cm un-open blister to her left lateral foot; a 2.0x1.5cm Stage II to her left heel, and a 7.0x4.0cm Stage II to her right heel.

39.     While at Southern Heritage Health and Rehabilitation, LLC, Gloria Slater developed gangrenous necrotic tissue on both heels.  On September 3, 2010, Gloria Slater's heel wounds were determined to be *Enterococcus faecalis* positive.

40.     Surgical debridement of bilateral heels was performed on September 7, 2010.

41.     On October 14, 2010, a second debridement of a 1.5cm diameter Stage III ulcer of Gloria Slater's right heel was required.

42.     Medical records reflect that Defendants failed to perform Gloria Slater's right heel wound treatment on multiple occasions, including, but not limited to October 17, 2010, October 23, 2010, and on October 30, 2010.

43.     By October 27, 2010, Gloria Slater's right heel wound had progressed to a Stage IV.

44.     Finally, on November 9, 2010, Gloria Slater's right heel was debrided at McGehee County Hospital.

45.     On November 10, 2010, her Stage IV right heel ulcer measured 1.9x2.1x1.6cm at the Wound Center at McGehee Hospital.

46.     Wound cultures of Gloria Slater's right heel were MRSA positive on November 17, 2010, January 17, 2011, February 28, 2011, and March 25, 2011.

47.     On December 8, 2010, Gloria Slater was admitted to McGehee Hospital for IV antibiotic therapy for MRSA positive culture.  On her admission, she was drowsy, unable to speak clearly and could not follow demands.

48.     Gloria Slater's right heel wound continued to worsen, still measuring as Stage IV decubitus on July 11, 2011.

49.     On November 15, 2010, Gloria Slater choked during breakfast.  She was transported to ER at McGehee Hospital.  The ER physician noted that she had choked on a piece of waffle at breakfast.

50.     According to medical records, Defendants failed to perform PEG-tube site wound care and H2O flushes on multiple occasions, including, but not limited to August 26, 27, 28, 29, 30 and 31, 2010; September 6, 7, 11, 12 and 18, 2010; October 4, 5, 6, 16 and 30, 2010; November 12 and 16, 2010; February 20, 2011; March 2 and 31, 2011.

51.     According to medical records, Defendants failed to administer Gloria Slater's prescribed medications in accordance with physician orders on multiple occasions, including, but not limited to omissions on September 6, 10, 12, 19, 20, 21 and 24, 2010; October 4, 14 and 24, 2010; November 16 and 24, 2010; December 31, 2010; and March 26, 2011.

52.     Defendants failed to maintain Gloria Slater's medical records in accordance with the standard of care for similarly operated nursing homes.  For example, ADL sheets were not dated until October 19, 2010 and were not completed at each shift.  Further, meal intake percentages and I&Os were not documented.

53.     According to medical records, Defendants failed to maintain Gloria Slater's hydration levels such that she became dehydrated on multiple occasions and had to be hospitalized for dehydration on May 9, 2011, June 11, 2011, and June 30, 2011.

54. .   According to medical records, Defendants failed to monitor and control Gloria Slater's blood sugars and diabetes throughout her residency.  For example, on May 9, 2011 Gloria Slater was admitted to the McGehee Hospital ER with glucose levels of 549.

55.     According to medical records, Defendants failed to maintain acceptable parameters of Gloria Slater's nutritional status.  Her Albumin levels were frequently low, and by February 8, 2011, Gloria Slater had lost down to 129 pounds, a 14 pound weight loss (9.79%) in less than 30 days.

56.     According to medical records, Defendants failed to prevent Gloria Slater from developing infections, including UTIs on May 9, 2011 and June 7, 2011, and oral candidiasis on February 12, 2011.

57.     According to medical records, Defendants failed to provide Gloria Slater with adequate or preventative skin care treatment on multiple occasions, as evidenced by the development of blisters on Gloria Slater's lower back, which were discovered on April 1, 2011, and May 9, 2011.

58.     According to medical records, Defendants failed to administer physician prescribed wound and skin care treatments to Gloria Slater on multiple occasions, including, but not limited to, omissions in application of Elta cream on February 18, 19, 20, 23, 24, 25, 26 and 28, 2011; March 3, 24, 25, 28 and 30, 2011.

19

59.    According to medical records, wound treatment to Gloria Slater's right heel was omitted on multiple occasions.

60.    By May 17, 2011, Gloria Slater developed a pressure sore to her coccyx that measured 3.7x5x0.2cm and was Stage III at the Wound Clinic on May 18, 2011. Culture of the coccyx wound was positive for *Proteus mirabilis* and *providencia stuartii*.

61.    According to medical records, Defendants failed to provide Gloria Slater with adequate hygiene on multiple occasions.

62.    According to medical records, Defendants failed to maintain Gloria Slater's blood pressure on multiple occasions.

63.    In surveys and inspections conducted for the Southern Heritage facility in 2010, during or proximate to the residency of Gloria Slater, the Arkansas Office of Long Term Care repeatedly cited Southern Heritage Health and Rehabilitation, LLC for deficiencies in the care, treatment and services provided to residents, including but not limited to failures to:

a)    Make sure that residents receive treatment/services to not only continue, but improve the ability to care for themselves;

b)    Conduct initial and periodic assessments of each resident's functional capacity;

c)    Make sure menus meet the resident's nutritional needs and that there is a prepared menu by which nutritious meals have been planned for the resident and followed;

d)    Store, cook, prepare and serve food in a safe and clean way;

e)    Keep the rate of medication errors (wrong drug, wrong dose, wrong time) to less than 5%; and

f)    Make sure that residents are safe from serious medication errors.

20

64.    In surveys and inspections conducted for the Southern Heritage facility in 2011, during or proximate to the residency of Gloria Slater, the Arkansas Office of Long Term Care repeatedly cited Southern Heritage Health and Rehabilitation, LLC for deficiencies in the care, treatment and services provided to residents, including but not limited to failures to:

a)    Provide medically-related social services to help each resident achieve the highest possible quality of life;

b)    Give each resident enough fluids to keep them healthy and prevent dehydration, which was noted to have caused "actual harm" to residents;

c)    Provide care for residents in a way that keeps or builds each resident's dignity and respect of individuality;

d)    Store, cook, prepare and serve food in a safe and clean way;

e)    Keep the rate of medication errors (wrong drug, wrong dose, wrong time) to less than 5%; and

f)    Make sure that residents are safe from serious medication errors.

65.    A civil monetary penalty was imposed by the Arkansas Office of Long Term Care in 2011 due to the deficiencies found at the Southern Heritage facility on May 11, 2011.

66.    The extent to which the above citations directly included failures or deficiencies in the care, services and treatment provided to Gloria Slater remains to be discovered.  However, all of the above cited deficiencies establish that Nursing Home Defendants were on notice and aware of problems with resident care, including failures and deficiencies in care which caused the injuries alleged herein.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

67.    Based upon the foregoing allegations regarding Nursing Home Defendants' control and management of Southern Heritage Health and Rehabilitation, LLC, and the injuries suffered by Gloria Slater while she resided at the facility, Plaintiff pleads the following causes of action:

**I.    Cause of action for ordinary negligence and failures in ordinary duties of care imposed on a long-term care facility.**

68.    Based upon the allegations of control, management and involvement in the operation of Southern Heritage Health and Rehabilitation, LLC outlined above, each of the Nursing Home Defendants, as well as their agents and employees, undertook duties of care to the residents at Southern Heritage Health and Rehabilitation, LLC, including Gloria Slater.

69.    Based upon the state surveys of the facility and the assessments of Gloria Slater alleged in the above paragraphs, it was foreseeable to each of the Nursing Home Defendants that harm would result to Gloria Slater if Nursing Home Defendants did not provide at least the care equivalent that is required of a nursing home caring for a resident in a similar state of health, mental status and abilities.

70.    Among the duties Nursing Home Defendants owed to Gloria Slater as the owners, operators, licensees, managers and consultants, agents and employees of Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants were obligated to use ordinary care to determine the mental and physical condition of Gloria Slater, to furnish Gloria Slater the care and attention reasonably required by her mental and physical condition, and to follow the orders and directions of Gloria Slater's

22

attending physician and care plan regarding her activities of daily living and ordinary caretaking.

71.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to assist Gloria Slater with her activities of daily living, including the failure to assist with ambulating and transfers.

72.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to assist Gloria Slater with turning and repositioning, and failed to use and maintain pressure relieving devices, to prevent or relieve decubutus ulcers or pressure sores.

73.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide adequate oversight to ensure a safe environment.

74.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide Gloria Slater with fluids sufficient to prevent dehydration and urinary tract infections.

75.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide a sanitary environment and proper hygiene to prevent the development and spread of infections, such as MRSA, *Enterococcus faecalis, proteus mirabilis, providencia stuarti,* and *candidiasis.*

76.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to assist Gloria Slater with eating and failed to provide proper PEG feedings and puree diet, as required for adequate nutrition to maintain proper glucose levels, and to prevent choking..

77.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide basic care to ensure Gloria Slater quality of care and quality of life.

78.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide Gloria Slater assistance with activities of daily living, hygiene and grooming and failed to sufficiently document the bathing, oral hygiene, grooming, and/or dressing provided to Gloria Slater during her admission.

79.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide Gloria Slater skin care treatments to maintain skin integrity.

80.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to document provision of Resident Right's, Social Services, or Restorative Care to Gloria Slater.

81.    Nursing Home Defendants were negligent in the hiring, training, retention and supervision of non-medical, caretaking staff and the professional nursing staff at the Southern Heritage facility.

82.    Nursing Home Defendants understood that staffing at minimum levels did not necessarily meet the needs required by residents at Southern Heritage Health and Rehabilitation, LLC, such as Gloria Slater.  Nursing Home Defendants also were aware that the biggest expenditure in their operating budget was staffing the facilitiy.   Nursing Home Defendants sought and kept staffing at or below minimum levels, knowing that

this staffing strategy would result in injury to residents at Southern Heritage Health and Rehabilitation, LLC, including Gloria Slater.

83.   The foregoing breaches of duties of ordinary care owed by the Nursing Home Defendants, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Gloria Slater at Southern Heritage Health and Rehabilitation, LLC, including her untimely death, and without which, the injuries alleged herein would not have occurred.

84.   A reasonable nursing home, operating under the same or similar circumstances as Southern Heritage Health and Rehabilitation, LLC, would not have breached the above-described duties of care.  It was reasonably foreseeable that the injuries described herein, including Gloria Slater's death, would result from the breaches of duties of care set out above.

85.   Due to the injuries proximately caused by Nursing Home Defendants, the Estate of Gloria Slater is entitled to be compensated by an amount of money which will reasonably and fairly compensate it for damages and which includes, but is not limited to, compensation for serious physical and emotional injuries, expenses for medical care, treatment and services, pain and suffering and mental anguish, scars, disfigurement and other visible results of Gloria Slater's injuries, disability, degradation, loss of personal dignity, loss of life and related expenses, in an amount to be determined by a jury, and exceeding the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus costs, fees and all other relief to which the Plaintiff is determined to be entitled by law.  The personal injuries suffered by Gloria Slater caused her family to suffer grief upon her

death. In addition to the Estate of Gloria Slater's claim for compensatory damages, the wrongful death beneficiaries of Gloria Slater request compensatory damages against Nursing Home Defendants for the wrongful death of Gloria Slater, including their grief suffered, as well as the expenses of funeral and other related expenses.

86.    In addition to compensatory damages for the actual losses that Gloria Slater and her wrongful death beneficiaries sustained, Plaintiff also is entitled to recover punitive damages for the negligent conduct of Nursing Home Defendants. The Plaintiff alleges that Nursing Home Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conduct and the manner in which Southern Heritage Health and Rehabilitation, LLC was operated, would naturally and probably result in injury to residents, such as Gloria Slater, and yet Nursing Home Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

II.    **Cause of action for medical malpractice negligence and failures in professional standards of care imposed on a long-term care facility.**

87.    Wrongful conduct by Nursing Home Defendants, their agents and employees, also included acts or omissions constituting professional medical or nursing negligence, pursuant to the Actions for Medical Injury Act, Arkansas Code sections 16-114-201 *et seq.*, to the extent the above-described injuries incurred by Gloria Slater included "medical injuries," as defined by that Act.

88.    Each of the Nursing Home Defendants was either a "medical care provider" or was vicariously liable for the conduct of a "medical care provider," as defined by the Act, Arkansas Code section 16-114-201(2), in relevant part, as a nurse,

26

nursing home, or an officer, employee or agent thereof acting in the course and scope of employment in the providing of such medical care or medical services.

89.    In diagnosing the condition of and treating a patient through the provision of services requiring the judgment, skills and/or training of licensed medical or nursing personnel, a nursing home has a professional duty to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of the same profession in good standing, engaged in the same skilled nursing home practice in the locality in which the nursing home practices or in a similar locality.

90.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide proper care of the Foley catheter, and to prevent and treat known risks from catheters, including infections and impaired bladder function.

91.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and order use of pressure relieving devices to prevent or relieve decubitus ulcers or pressure sores, as well as failing to professionally monitor their use.

92.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and prevent or treat urinary tract infections.

93.    While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and prevent or treat Gloria Slater's diabetes and her known risk for high blood sugar.

94.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and prevent or treat altered skin integrity.

95.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to provide proper care of her PEG tube.

96.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and prevent, treat or manage pain.

97.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and treat or intervene to prevent unnecessary weight loss.

98.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess, care plan, document and notify Gloria Slater's physician and family about substantial changes in her condition and mental status, as well as failing to notify her family about transfers from Southern Heritage Health and Rehabilitation, LLC due to hospitalization.

99.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants failed to timely assess and notify a physician regarding changes in Gloria Slater's medical condition.

100.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Nursing Home Defendants maintained inadequate nursing records with multiple days when nursing notes were incomplete in documenting nursing care.

28

101.   The foregoing breaches of duties of profession medical and nursing standards of care owed by Nursing Home Defendants, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Gloria Slater at the Southern Heritage facility, including her untimely death, and without which breaches of care her injuries and untimely death would not have occurred.

102.   A nursing home, in good standing and engaged in the practice of skilled long-term care in the same or a similar locality, would not have breached the above-described duties of professional medical or nursing care.  It was reasonably foreseeable that the injuries described herein, including Gloria Slater's untimely death, would result from the breaches of duties of professional care set out above.

103.   Due to the injuries proximately caused by the professional medical and nursing negligence of the Nursing Home Defendants, the Estate of Gloria Slater is entitled to be compensated by an amount of money, which will reasonably and fairly compensate it for damages and which includes, but is not limited to, compensation for serious physical and emotional injuries, necessary medical care, treatment and services, pain and suffering and mental anguish, scars, disfigurement and other visible results of Gloria Slater's injuries, disability, degradation, loss of personal dignity, loss of life, and related expenses in an amount to be determined by a jury, and exceeding the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus costs, fees and all other relief to which the Plaintiff is determined to be entitled by law.  The personal injuries suffered by Gloria Slater caused her family to suffer grief upon her death.  In addition to the Estate of Gloria Slater's claim for compensatory damages, the wrongful death beneficiaries of

29

Gloria Slater request compensatory damages against Nursing Home Defendants for the wrongful death of Gloria Slater, including their grief suffered, as well as the expenses of funeral and other related expenses.

104.    In addition to compensatory damages for the actual losses that Gloria Slater and her wrongful death beneficiaries sustained, Plaintiff also is entitled to recover punitive damages for the professional medical and nursing negligence of Nursing Home Defendants.   The Plaintiff alleges that Nursing Home Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conduct and the manner in which the Southern Heritage facility was operated would naturally and probably result in injury to residents, such as Gloria Slater.   Yet, Nursing Home Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

III.    **Cause of action for civil conspiracy.**

105.    Even if some of the Nursing Home Defendants did not directly participate in the tortious acts described in the preceding paragraphs, they are liable for a conspiracy promoting wrongful conduct in a manner that caused injury to Gloria Slater.

106.    Nursing Home Defendants had actual agreements regarding the patient census, levels of staffing, and amount of funds to be used in operating the Southern Heritage facility.

107.    Nursing Home Defendants actively monitored deficiencies in care at the Southern Heritage facility, as cited by the State of Arkansas in surveys, and were aware both prior and during the residence of Gloria Slater that the operating funds being expended at the facility was not sufficient to meet the needs of the residents.

108.   Each Nursing Home Defendant performed a part so that their acts, although apparently independent, were in fact connected and cooperative, indicating a closeness of personal association and a concurrence of sentiment.

109.   Additionally, each Nursing Home Defendant is liable for conspiracy to the extent any act or declaration was made by another Defendant in furtherance of the conspiracy.

110.   One or more of the Nursing Home Defendants engaged in a conspiracy to obtain HUD financing for the purchase and lease of the Southern Heritage facility, in order to profit from the leases and fees, knowing that adequate operating funds would not be provided to meet the needs of residents such as Gloria Slater.

111.   It may be inferred from Nursing Home Defendants' actions that, knowing the risks and dangers such conduct posed to residents such as Gloria Slater, Nursing Home Defendants pursued a course of conduct to divert Medicare and Medicaid funds intended to be used for patient care and services and, instead, funneled that money into corporate profits.

112.   Due to the injuries proximately caused by the tortious acts done in furtherance of a conspiracy between the Nursing Home Defendants, the Estate of Gloria Slater is entitled to be compensated by an amount of money, which will reasonably and fairly compensate for her damages and which includes, but is not limited to, compensation for serious physical and emotional injuries, expenses for medical care, treatment and services, pain and suffering and mental anguish, scars, disfigurement and other visible results of Gloria Slater's injuries, disability, degradation, loss of personal dignity, loss of life, and related expenses in an amount to be determined by a

31

jury, and exceeding the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus costs, fees and all other relief to which the Plaintiff is determined to be entitled by law.

113.    In addition to compensatory damages for the actual losses that Gloria Slater sustained, Plaintiff also is entitled to recover punitive damages for the civil conspiracy on the part of the Nursing Home Defendants.  Plaintiff alleges that Nursing Home Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conspiracy in the manner in which the Southern Heritage facility was operated would naturally and probably result in injury to residents, such as Gloria Slater.  Yet, Nursing Home Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

III.    **Cause of action against Southern Heritage Health and Rehabilitation, LLC, for violations of resident's rights, pursuant to the Protection Of Long-Term Care Facility Residents Act, Arkansas Code sections 20-10-1201.**

114.    Among the Defendants, the licensee(s) of Southern Heritage Health and Rehabilitation, LLC had statutorily-mandated duties to provide Gloria Slater with basic, nursing home resident's rights as set forth in the Protection of Long-Term Care Facility Residents Act, Arkansas Code sections 20-10-1201 *et seq.*

115.    The Protection of Long-Term Care Facility Residents Act mandates the development, establishment, and enforcement of basic standards for the health, care, and treatment of persons in long-term care facilities; and mandates that the maintenance and operation of long-term care facilities will ensure safe, adequate, and appropriate care, treatment, and health of residents, such as Gloria Slater,

116.    The Protection of Long-Term Care Facility Residents Act mandates that every licensed facility shall comply with all applicable standards and rules of the Office of Long-Term Care of the Arkansas Department of Human Services.

117.    The statutory duty imposed upon the licensee(s) of Southern Heritage Health and Rehabilitation, LLC to prevent deprivation or infringement of the resident's rights of Gloria Slater was non-delegable.   Thus, among the Defendants, the licensee(s) are directly liable to Plaintiff for any deprivation and infringement of Gloria Slater's resident's rights occurring as a result of their own action or inaction, and as a result of the action or inaction of any other person or entity, including employees, agents, consultants, independent contractors and affiliated entities, whether in-house or outside entities, individuals, agencies or pools, as well as any deprivation and infringement of Gloria Slater's resident's rights caused by the Defendants' policies, procedures, whether written or unwritten, and common practices.

118.    Any person or entity acting as an employee or agent of Southern Heritage Health and Rehabilitation, LLC assumed and undertook to perform the licensee's nondelegable and statutorily-mandated duty to provide and protect Gloria Slater's nursing home resident's rights as set forth in Arkansas Code sections 20-10-1201 *et seq.* in the operation and management of the respective facilities.

119.    Notwithstanding the responsibility of the licensee(s) to protect and provide for these statutorily-mandated, nursing home resident's rights, Defendants infringed upon, and Gloria Slater was deprived of, rights mandated by Arkansas Code sections 20-10-1201 *et seq.* including, but not limited to, the following:

a)     The right to receive adequate and appropriate health care and protective and support services, including social services, mental health services, if available, planned recreational activities, and therapeutic and rehabilitative services consistent with the resident care plan for Gloria Slater with established and recognized practice standards within the community, and with rules as adopted by federal and state agencies, such rights include:

1)     The right to receive adequate and appropriate custodial service, defined as care for Gloria Slater which entailed observation of diet and sleeping habits and maintenance of a watchfulness over her general health, safety, and well-being; and

2)     The right to receive adequate and appropriate residential care plans, defined as a written plan developed, maintained, and reviewed not less than quarterly by a registered nurse, with participation from other facility staff and Gloria Slater or her designee or legal representative, which included a comprehensive assessment of the needs of Gloria Slater, a listing of services provided within or outside the facility to meet those needs, and an explanation of service goals;

b)     The right to regular, consultative, and emergency services of physicians;

c)     The right to appropriate observation, assessment, nursing diagnosis, planning, intervention, and evaluation of care by nursing staff;

d)     The right to access to dental and other health-related services, recreational services, rehabilitative services, and social work services appropriate to the needs and conditions of Gloria Slater, and not directly furnished by the licensee(s);

e)     The right to a wholesome and nourishing diet sufficient to meet generally accepted standards of proper nutrition, guided by standards recommended by nationally recognized professional groups and associations with knowledge of dietetics, and such therapeutic diets as may be prescribed by attending physicians;

34

f)      The right to a facility with its premises and equipment, and conduct of its operations maintained in a safe and sanitary manner;

g)      The right to be free from mental and physical abuse, and from physical and chemical restraints;

h)      The right of Gloria Slater to have privacy of her body in treatment and in caring for her personal needs;

i)      The right to prompt efforts by the facility to resolve resident grievances, including grievances with respect to resident care and the behavior of other residents;

j)      The right to participate in social, religious, and community activities;

k)   ·  The right to the obligation of the facility to keep full records of the admissions and discharges of Gloria Slater, and her medical and general health status, including:

1)      medical records;

2)      personal and social history; and

3)      individual resident care plans, including, but not limited to, prescribed services, service frequency and duration, and service goals;

4)      making it a criminal offense to fraudulently alter, deface, or falsify any medical or other long-term care facility record, or cause or procure any of these offenses to be committed; and

l)      The right to be treated courteously, fairly, and with the fullest measure of dignity.

120.    The above infringement and deprivation of the rights of Gloria Slater were the result of Defendants failing to do that which a reasonably careful person would do under similar circumstances.

121.   As a result of the aforementioned violations, Plaintiff, pursuant to Arkansas Code section 20-10-1209(a)(4), is entitled to recover actual damages against the licensee(s) of the facilities.  Plaintiff asserts a claim for judgment for actual damages against the licensee(s) of Southern Heritage Health and Rehabilitation, LLC, including, but not limited to, medical expenses, extreme pain and suffering, otherwise unnecessary hospitalizations, disfigurement, disability, degradation, unnecessary loss of personal dignity, emotional distress, loss of life and related expenses, in an amount to be determined by the jury and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

122.   The infringement or deprivation of the resident's rights of Gloria Slater by Defendants was willful, wanton, gross, flagrant, reckless, or consciously indifferent. Pursuant to Arkansas Code section 20-10-1209(c), Plaintiff is entitled to recover punitive damages against the licensee(s) of Southern Heritage Health and Rehabilitation, LLC.

## CAUSES OF ACTION AGAINST ADMINISTRATOR DEFENDANT

I.   **Cause of action for ordinary negligence and failures in ordinary duties of care.**

123.   Administrator Defendant undertook duties of care to the residents at the facility.

124.   Administrator Defendant had a duty to administrate Southern Heritage Health and Rehabilitation, LLC in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychological well-being of each resident.

36

125.   Based upon the state surveys of the facilitiy and the assessments of Gloria Slater alleged in the above paragraphs, it was foreseeable to Administrator Defendant that harm would result to Gloria Slater if Administrator Defendant did not use ordinary care to administrate her facility in compliance with accepted professional and industry standards and principles that apply to professionals providing services in such facilities.

126.   Among the duties Administrator Defendant owed to Gloria Slater as the administrator of Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant was obligated to use ordinary care to ensure that trained and qualified staff, in sufficient numbers, were available to provide Gloria Slater the care and attention reasonably required by her mental and physical condition, and to ensure that the orders and directions of Gloria Slater's attending physician and care plan were followed regarding her activities of daily living and ordinary caretaking.

127.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that trained and qualified staff, in sufficient numbers, were available to assist Gloria Slater with her activities of daily living.

128.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides, and as such, the nurses and nurses' aides were unable to provide Gloria Slater the care she required.

129.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to adequately assess, evaluate, and

37

supervise nursing personnel to ensure that Gloria Slater received appropriate nursing care.

130.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility.

131.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Gloria Slater attained and maintained her highest level of physical, mental, and psychosocial well-being.

132.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Gloria Slater received sufficient amounts of fluids to prevent dehydration and infections.

133.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Gloria Slater received adequate nutrition to prevent unnecessary weight loss.

134.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to provide a sanitary environment to ensure good hygiene and to prevent the development of infections.

135.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Gloria Slater received nutrition, care, treatment, and medication as prescribed or in accordance with physician's orders;

136.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to prevent medication errors.

137.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to ensure that Gloria Slater was treated with the dignity and respect that all nursing home residents are entitled to receive.

138.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to provide a safe environment for Gloria Slater.

139.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility.

140.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to ensure that Gloria Slater was timely turned and repositioned, or that she received prescribed medication and treatment to prevent the development or worsening of pressure sores.

141.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to investigate the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Office of Long Term Care or any other authority.

142.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to establish the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility.

143.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and

39

Rehabilitation, LLC, Administrator Defendant failed to determine whether the facility had sufficient numbers of personnel to meet the total needs of Gloria Slater.

144.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to document, maintain files, investigate, and respond to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

145.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to ensure that Gloria Slater was provided with basic and necessary care and supervision.

146.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses, licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Gloria Slater received care, treatment, and services in accordance with duties owed, and industry and community standards and practices.

147.   While Gloria Slater resided at Southern Heritage Health and Rehabilitation, LLC, Administrator Defendant failed to assign nursing personnel at the facility duties consistent with their education and experience based on Gloria Slater's medical history and condition, and her nursing and rehabilitative needs; the characteristics of the resident population residing in the area of the facility where Gloria Slater was a resident; and nursing skills needed to provide care to such resident population.

148.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to provide sufficient numbers of qualified personnel, to ensure that Gloria Slater was provided with a safe environment, received   timely   and   accurate   care   assessments,   received   prescribed   treatment, medication and diet, and was protected from abuse and mistreatment.

149.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to properly in-service and orient employees to pertinent resident care needs to maintain the safety of residents.

150.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to protect Gloria Slater from abuse and neglect.

151.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Gloria Slater.

152.   While   Gloria   Slater   resided   at   Southern   Heritage   Health   and Rehabilitation, LLC, Administrator Defendant failed to document and maintain all records on Gloria Slater in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment.

153.   The foregoing breaches of duties of ordinary care owed by the Administrator Defendant, in a natural and continuous sequence, were each a proximate

41

cause of the injuries incurred by Gloria Slater at Southern Heritage Health and Rehabilitation, LLC, and without which, the injuries would not have occurred.

154.   A reasonable nursing home administrator, operating under the same or similar circumstances as Administrator Defendant would not have breached the above-described duties of care.   It was reasonably foreseeable that the injuries described herein would result from the breaches of duties of care set out above.

155.   Due to the injuries proximately caused by Administrator Defendant, the Estate of Gloria Slater is entitled to be compensated by an amount of money which will reasonably and fairly compensate it for damages, which includes, but is not limited to, compensation for serious physical and emotional injuries, expenses for medical care, treatment and services, pain and suffering and mental anguish, scars, disfigurement and other visible results of Gloria Slater's injuries, disability, degradation, loss of personal dignity, loss of life and related expenses, in an amount to be determined by a jury, and exceeding the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus costs, fees and all other relief to which the Plaintiff is determined to be entitled by law.

## DEMAND FOR JURY TRIAL

156.   Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater, prays for judgment against Defendants as follows:

1.    For damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained.

2.    For all general and special damages caused by the alleged conduct of Defendants.

3.    For costs of litigating this case.

4.    For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Gloria Slater and to deter Defendants and others from repeating such atrocities.

6.    For all other relief to which Plaintiff is entitled.

Respectfully submitted,

Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

By: _____
Melody H. Piazza (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:   (501) 371-9903
Facsimile:    (501) 371-9905

*Attorneys for Plaintiff*

43

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
GLORIA SLATER, DECEASED                                    NO. PR-2012-63-2

ORDER APPOINTING PERSONAL REPRESENTATIVE

The Petition of Penny Slater for appointment of a personal representative in the estate of

Gloria Slater, deceased, is presented to the Court. Upon consideration of the Petition and the facts

and evidence in support of it, the Court finds:

1.      No demand for notice of proceedings for the appointment of a personal representative

of the estate has been filed. The Petition is not opposed by any known person, and it may be heard

without notice.

2.      Gloria Slater, who resided at Dermott City Nursing Home, 702 W. Gaines Street

Dermott, Arkansas 71638, died at Dermott City Nursing Home, 702 West Gaines Street, Dermott,

Arkansas 71638, on June 26, 2012.

3.      This Court has jurisdiction of this proceeding and venue properly lies in this County.

4.      Penny Slater is a proper person by law to serve as personal representative of the

estate.

5.      It appears there are no unsecured claims against the decedent's estate.

6.      The estate has no assets other than a potential personal injury/wrongful death action,

and bond, therefore, is waived at this time. The Court will revisit the issue of bond should the estate

acquire assets at any time.

RE C O R D E D
8-6-12
Beth Fuller McMahan, Desha County Clerk

By: _____ Deputy
Book 82 Pages 534-535

FILED
8-6-12
Beth Fuller McMahan, Desha County Clerk

_____ Deputy

EXHIBIT
A

IT IS THEREFORE ORDERED as follows:

a.     the administration of the estate is opened;

b.     Penny Slater is appointed personal representative of the estate; and

c.     Letters of Administration shall be issued to this personal representative without the requirement of a bond.

DATED this ___6___ day of _____Aug_____, 2012.

CIRCUIT JUDGE

Submitted by:

Catherine C. Lewis, Bar #99079
HUMPHRIES & LEWIS
P. O. Box 20670
White Hall, AR 71612
Telephone No. (870) 247-7035

-2-

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
GLORIA SLATER, DECEASED

NO. PR-2012- 63·2

ACCEPTANCE OF APPOINTMENT
AS PERSONAL REPRESENTATIVE

The undersigned, Penny Slater, having been appointed the personal representative of the

estate of Gloria Slater, deceased, hereby accepts the appointment.

DATED this  13  day of  July , 2012.

Penny Slater
Penny Slater

F I L E D
8-6-12
Beth Fuller McMahan, Desha County Clerk

By: _____ Deputy

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
GLORIA SLATER, DECEASED                                    NO. PR-2012-63-2

## LETTERS OF ADMINISTRATION

BE IT KNOWN:

THAT Penny Slater, whose address is 115 Pierce, McGehee, Arkansas 71654, having been

duly appointed as personal representative of the estate of Gloria Slater, deceased, who died on or

about June 26, 2012, and having qualified as such personal representative, is hereby authorized to

act as such personal representative for and in behalf of the estate and to take possession of the estate's

property as authorized by law.

ISSUED this __6th__ day of __Aug_____, 2012.

_____
Clerk, Desha County, Arkansas

(SEAL)

F I L E D
86-12
Beth Fuller McMahan, Desha County Clerk

By: _____ Deputy

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_____CIVIL_____ DIVISION

## SUMMONS

### Case No: CV2012-101-1

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

**PLAINTIFF'S ATTORNEYS:**
Melody H. Piazza
Deborah T. Riordan
WILKES & McHUGH, P.A.
One Information Way, Suite 300
Little Rock, AR 72202
Phone: (501) 371-9903
Fax: (501) 371-9905

**TO DEFENDANT:**
Capital SeniorCare Ventures, LLC
c/o HIQ Corporate Services, Inc.
3500 South Dupont Highway
Dover, Delaware 19901

THE STATE OF ARKANSAS TO DEFENDANT(S):  Capital SeniorCare Ventures, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service. Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: October 15, 2012

Skippy Leek
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR 71630

SKIPPY LEEK, Clerk

By: _____ Deputy Clerk

No. _____          This Summons is for: Capital SeniorCare Ventures, LLC

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

☐  I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

☐  I delivered the summons and complaint to _____[name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV 2012 -101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

**PLAINTIFF'S ATTORNEYS:**
Melody H. Piazza
Deborah T. Riordan
WILKES & McHUGH, P.A.
One Information Way, Suite 300
Little Rock, AR 72202
Phone: (501) 371-9903
Fax: (501) 371-9905

**TO DEFENDANT:**
Column Guaranteed LLC
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

THE STATE OF ARKANSAS TO DEFENDANT(S):   Column Guaranteed LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _October 15, 2012_

Skippy Leek
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR  71630

SKIPPY LEEK, Clerk

By: _Shirley Kozulski_  Deputy Clerk

No. _____          **This Summons is for: Column Guaranteed LLC**

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

☐  I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

☐  I delivered the summons and complaint to _____[name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐  I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐  I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐  Other [specify]: _____

☐  I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]


_____
[Printed name]

Address: _____


Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
*CIVIL* DIVISION

## SUMMONS

Case No: *CV2012 - 101-1*

**PLAINTIFF(S):**

Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**

Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:**<br>Melody H. Piazza<br>Deborah T. Riordan<br>WILKES & McHUGH, P.A.<br>One Information Way, Suite 300<br>Little Rock, AR 72202<br>Phone: (501) 371-9903<br>Fax: (501) 371-9905 | **TO DEFENDANT:**<br>SLC Properties, LLC<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware 19808 |

~~THE STATE OF ARKANSAS TO DEFENDANT(S):   SLC Properties, LLC~~

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure

B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents. Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** *October 15, 2012*

| | |
|---|---|
| Skippy Leek<br>Desha County Circuit Clerk<br>Courthouse Annex<br>604 President Street<br>Arkansas City, AR 71630 | SKIPPY LEEK, Clerk<br><br>By: *Shirley Kozulski*   Deputy Clerk |

No. _____            **This Summons is for: SLC Properties, LLC**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____[date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____[name],
a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of _____
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV 2012 - 101 - 1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful
death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC;
SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations
Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of
Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC;
Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as
Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown
Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | SLC Property Holdings, LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 2711 Centerville Road, Suite 400 |
| One Information Way, Suite 300 | Wilmington, Delaware  19808 |
| Little Rock, AR  72202 | |
| Phone:  (501) 371-9903 | |
| Fax:  (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   SLC Property Holdings, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
       Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of
Documents.   Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be
answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _October 15, 2012_

| | |
|---|---|
| Skippy Leek | SKIPPY LEEK, Clerk |
| Desha County Circuit Clerk | |
| Courthouse Annex | |
| 604 President Street | By: _Shirley Koziolski_ ___ Deputy Clerk |
| Arkansas City, AR  71630 | |

)

No. _____        This Summons is for: SLC Property Holdings, LLC

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

☐ I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                        By: _____
                                        [Signature of server]

                                        _____
                                        [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                                        [Signature of server]

                                        _____
                                        [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV 2012-101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:**<br>Melody H. Piazza<br>Deborah T. Riordan<br>WILKES & McHUGH, P.A.<br>One Information Way, Suite 300<br>Little Rock, AR 72202<br>Phone: (501) 371-9903<br>Fax: (501) 371-9905 | **TO DEFENDANT:**<br>SLC Property Investors, LLC<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |

THE STATE OF ARKANSAS TO DEFENDANT(S):  SLC Property Investors, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B. It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents. Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _October 15, 2012_

Skippy Leek
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR 71630

SKIPPY LEEK, Clerk

By _Shirley Kozulski_ Deputy Clerk

No. _____        **This Summons is for: SLC Property Investors, LLC**

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____

_____ [place] on _____ [date]; or

☐  I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____ [name],

a person at least 14 years of age who resides there, on _____ [date]; or

☐  I delivered the summons and complaint to _____ [name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_____*Civil*_____ DIVISION

## SUMMONS

Case No: *CV2012-101-1*

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | EOR-ARK, LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 2711 Centerville Road, Suite 400 |
| One Information Way, Suite 300 | Wilmington, Delaware 19808 |
| Little Rock, AR 72202 | |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   EOR-ARK, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: *October 15, 2012*

| | |
|---|---|
| Skippy Leek | SKIPPY LEEK, Clerk |
| Desha County Circuit Clerk | |
| Courthouse Annex | |
| 604 President Street | By: *Shirley Kozulski*   Deputy Clerk |
| Arkansas City, AR 71630 | |

No. _____          This Summons is for: EOR-ARK, LLC

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____
_____[place] on _____[date]; or

☐  I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____[name],
a person at least 14 years of age who resides there, on _____[date]; or

☐  I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of _____
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                                     By: _____
                                     [Signature of server]


                                     _____
                                     [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
                                     [Signature of server]


                                     _____
                                     [Printed name]

Address: _____

Phone: _____

Subscribed and sworn to before me this date: _____

                                     _____
                                     Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV2012-101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
|---|---|
| Melody H. Piazza | VAJ LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 251 East Ohio Street, Suite 500 |
| One Information Way, Suite 300 | Indianapolis, Indiana  46204 |
| Little Rock, AR  72202 | |
| Phone:  (501) 371-9903 | |
| Fax:  (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   VAJ LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _October 15, 2012_

Skippy Leek
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR  71630

SKIPPY LEEK, Clerk

By: _Shirley Zapulski_ , Deputy Clerk

No. _____          This Summons is for: VAJ LLC

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name],
a person at least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of _____
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV 2012-101- 1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:**<br>Melody H. Piazza<br>Deborah T. Riordan<br>WILKES & McHUGH, P.A.<br>One Information Way, Suite 300<br>Little Rock, AR 72202<br>Phone: (501) 371-9903<br>Fax: (501) 371-9905 | **TO DEFENDANT:**<br>SLC Operations Master Tenant, LLC<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware  19808 |

THE STATE OF ARKANSAS TO DEFENDANT(S):   SLC Operations Master Tenant, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.**  Plaintiff's First Set of Interrogatories and Requests for Production of Documents must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _October 15, 2012_

Skippy Leek
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR  71630

SKIPPY LEEK, Clerk

By: _Shirley Kozulski_ _____ Deputy Clerk

No. _____          This Summons is for: SLC Operations Master Tenant, LLC

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____

_____[place] on _____ [date]; or

☐  I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____ [date]; or

☐  I delivered the summons and complaint to _____[name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]


_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____


Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV2012-101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | SLC Operations Holdings, LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 2711 Centerville Road, Suite 400 |
| One Information Way, Suite 300 | Wilmington, Delaware  19808 |
| Little Rock, AR  72202 | |
| Phone:  (501) 371-9903 | |
| Fax:  (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   SLC Operations Holdings, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: _October 15, 2012_

| | |
|---|---|
| Skippy Leek | SKIPPY LEEK, Clerk |
| Desha County Circuit Clerk | |
| Courthouse Annex | |
| 604 President Street | By: _Shirley Koyulski_  Deputy Clerk |
| Arkansas City, AR  71630 | |

No. _____          **This Summons is for: SLC Operations Holdings, LLC**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____

_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____[name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                           By: _____
                                           [Signature of server]


                                           _____
                                           [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                                           [Signature of server]


                                           _____
                                           [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                                           _____
                                           Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV2012-101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
|---|---|
| Melody H. Piazza | Senior Living Communities of Arkansas, LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 2711 Centerville Road, Suite 400 |
| One Information Way, Suite 300 | Wilmington, Delaware  19808 |
| Little Rock, AR  72202 | |
| Phone:  (501) 371-9903 | |
| Fax:  (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):  Senior Living Communities of Arkansas, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within forty-five ( 45 ) days of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: _October 15, 2012_

Skippy Leek                                    SKIPPY LEEK, Clerk
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR  71630                   By: _Shirley Kozylski_ Deputy Clerk

No. _____        This Summons is for: Senior Living Communities of Arkansas, LLC

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____ _____ [place] on _____ [date]; or

☐  I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

☐  I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ _____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____ _____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____    SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____    By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV2012-101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | SLC Professionals, LLC |
| Deborah T. Riordan | f/k/a SLC Professionals of Arkansas, LLC |
| WILKES & McHUGH, P.A. | c/o HIQ Corporate Services, Inc. |
| One Information Way, Suite 300 | 300 South Spring Street, Suite 900 |
| Little Rock, AR 72202 | Little Rock, Arkansas 72201 |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   SLC Professionals, LLC
f/k/a SLC Professionals of Arkansas, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached Complaint.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents must be answered within forty-five ( 45 ) days of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: _October 15, 2012_

Skippy Leek                                          SKIPPY LEEK, Clerk
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR 71630                   By: _Shirley Kozulski_   Deputy Clerk

No. _____        This Summons is for: SLC Professionals,, LLC
                            f/k/a SLC Professionals of Arkansas, LLC

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____[date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____[name],
a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of _____
_____[name of defendant] on _____[date]; or

---

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV2012-101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:**<br>Melody H. Piazza<br>Deborah T. Riordan<br>WILKES & McHUGH, P.A.<br>One Information Way, Suite 300<br>Little Rock, AR 72202<br>Phone: (501) 371-9903<br>Fax: (501) 371-9905 | **TO DEFENDANT:**<br>SLC Professionals Holdings, LLC<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware 19808 |

THE STATE OF ARKANSAS TO DEFENDANT(S):   SLC Professionals Holdings, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.**  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: _October 15, 2012_

| | |
|---|---|
| Skippy Leek<br>Desha County Circuit Clerk<br>Courthouse Annex<br>604 President Street<br>Arkansas City, AR  71630 | SKIPPY LEEK, Clerk<br><br>By: _Shirley Kozubski_  Deputy Clerk |

)

No. _____   This Summons is for: SLC Professionals Holdings, LLC

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

☐ I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

☐  I delivered the summons and complaint to _____[name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____ [name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV 2012-101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:**<br>Melody H. Piazza<br>Deborah T. Riordan<br>WILKES & McHUGH, P.A.<br>One Information Way, Suite 300<br>Little Rock, AR 72202<br>Phone: (501) 371-9903<br>Fax: (501) 371-9905 | **TO DEFENDANT:**<br>Senior Vantage Point, LLC<br>c/o Corporation Service Company<br>251 East Ohio Street, Suite 500<br>Indianapolis, Indiana 46204 |

THE STATE OF ARKANSAS TO DEFENDANT(S):  Senior Vantage Point, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: _October 15, 2012_

| | |
|---|---|
| Skippy Leek<br>Desha County Circuit Clerk<br>Courthouse Annex<br>604 President Street<br>Arkansas City, AR  71630 | SKIPPY LEEK, Clerk<br><br>By: _Shirley Kozubski_  Deputy Clerk |

No. _____          **This Summons is for: Senior Vantage Point, LLC**

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____ _____ [place] on _____ [date]; or

☐  I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

☐  I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ _____ [name of defendant] on _____ [date]; or

☐  I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐  I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐  Other [specify]: _____

☐  I was unable to execute service because: _____ _____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____      SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____      By: _____
[Signature of server]

_____
[Printed name]

Address: _____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_____ CIVIL _____ DIVISION

## SUMMONS

Case No: CV2012-101-1

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | ADDIT, LLC |
| Deborah T. Riordan | c/o HIQ Corporate Services, Inc. |
| WILKES & McHUGH, P.A. | 5217 Palisade Court, First Floor |
| One Information Way, Suite 300 | Indianapolis, Indiana 46237 |
| Little Rock, AR 72202 | |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   ADDIT, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 )** days from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _October 15, 2012_

| | |
|---|---|
| Skippy Leek | SKIPPY LEEK, Clerk |
| Desha County Circuit Clerk | |
| Courthouse Annex | |
| 604 President Street | By: _Shirley Kozuliski_   Deputy Clerk |
| Arkansas City, AR  71630 | |

No. _____          This Summons is for: ADDIT, LLC

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

☐  I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

☐  I delivered the summons and complaint to _____[name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and

complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by

the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail

to the defendant together with two copies of a notice and acknowledgment and received the attached

notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV 2012-101- 1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | Quality Review, LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 251 East Ohio Street, Suite 500 |
| One Information Way, Suite 300 | Indianapolis, Indiana  46204 |
| Little Rock, AR 72202 | |
| Phone:  (501) 371-9903 | |
| Fax:  (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   Quality Review, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.   Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _October 15, 2012_

Skippy Leek
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR  71630

SKIPPY LEEK, Clerk

By _Shirley Kozulski_ Deputy Clerk

No. _____        **This Summons is for: Quality Review, LLC**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

☐ I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS


By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]


_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public

My commission expires: _____


Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_____CIVIL_____ DIVISION

## SUMMONS

Case No: _CV2012-101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | Southern Heritage Health and Rehabilitation, LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 300 Spring Building, Suite 900 |
| One Information Way, Suite 300 | 300 South Spring Street |
| Little Rock, AR 72202 | Little Rock, Arkansas 72201 |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   Southern Heritage Health and Rehabilitation, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint.**

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are Plaintiff's First Set of **Interrogatories and requests for Production of Documents.** Plaintiff's First Set of **Interrogatories and Requests for Production of Documents** must be answered within **forty-five ( 45 ) days** of service. Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: _October 15, 2012_

Skippy Leek
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR 71630

SKIPPY LEEK, Clerk

By _Shirley Kozelski_   Deputy Clerk

No. _____     This Summons is for: Southern Heritage Health and Rehabilitation, LLC

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____
_____[place] on _____[date]; or

☐  I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____[name],
a person at least 14 years of age who resides there, on _____[date]; or

☐  I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of _____
_____[name of defendant] on _____[date]; or

☐  I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐  I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_____ CIVIL _____ DIVISION

## SUMMONS

Case No: CV2012-101-1

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | McGehee Holdings, LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 2711 Centerville Road, Suite 400 |
| One Information Way, Suite 300 | Wilmington, Delaware 19808 |
| Little Rock, AR 72202 | |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   McGehee Holdings, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.** Plaintiff's First Set of Interrogatories and Requests for Production of Documents must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: October 15, 2012

| | |
|---|---|
| Skippy Leek | SKIPPY LEEK, Clerk |
| Desha County Circuit Clerk | |
| Courthouse Annex | |
| 604 President Street | By: _____ Deputy Clerk |
| Arkansas City, AR 71630 | |

)

No. _____   **This Summons is for: McGehee Holdings, LLC**

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

☐  I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name],
a person at least 14 years of age who resides there, on _____ [date]; or

☐  I delivered the summons and complaint to _____ [name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of _____
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                                      By: _____
                                      [Signature of server]


                                      _____
                                      [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
                                      [Signature of server]


                                      _____
                                      [Printed name]

Address: _____

         _____

Phone: _____

Subscribed and sworn to before me this date: _____


                                      _____
                                      Notary Public

My commission expires: _____


Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV2012-101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:**<br>Melody H. Piazza<br>Deborah T. Riordan<br>WILKES & McHUGH, P.A.<br>One Information Way, Suite 300<br>Little Rock, AR 72202<br>Phone: (501) 371-9903<br>Fax: (501) 371-9905 | **TO DEFENDANT:**<br>Deborah Thornton<br>147 Helena Loop<br>Malvern, Arkansas 72104-8136 |

THE STATE OF ARKANSAS TO DEFENDANT(S):   Deborah Thornton

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within thirty ( 30 ) days from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.**  Plaintiff's First Set of Interrogatories and Requests for Production of Documents must be answered within forty-five ( 45 ) days of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: _October 15, 2012_

Skippy Leek
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR  71630

SKIPPY LEEK, Clerk

By: _Shirley Kowalski_ Deputy Clerk

No. _____       **This Summons is for: Deborah Thornton**

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or


☐  I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or


☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or


☐  I delivered the summons and complaint to _____[name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or


☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.


☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.


☐ Other [specify]: _____


☐ I was unable to execute service because: _____

_____


My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

1 INFORMATION WAY
SUITE 300
LITTLE ROCK, ARKANSAS 72202

PHONE: (501) 371-9903
TOLL FREE: (888) 777-9424
FAX: (501) 371-9905

September 12, 2012

**VIA FEDERAL EXPRESS**

Skippy Leek, Clerk
Desha County Circuit Court
Courthouse Annex
604 President Street
Arkansas City, AR 71630

Re:   Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater v. Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professionals Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC; and John Doe 1 through 5, Unknown Defendants
Desha County Circuit Court No. *CV2012-101-1*

Dear Clerk:

Enclosed for filing and issuing please find:

1.   Civil Cover Sheet;
2.   Summonses for all Defendants; and
3.   Complaint.

Also enclosed is a check in the amount of $202.50, which includes $165.00 for the filing fee and $37.50 for the 15 summonses over the 3 allowed. Please return the issued summonses and file-marked copies of the Complaint and discovery in the return Federal Express envelope provided for your convenience. We will have the Defendants served by a private process server.

Your assistance is appreciated. Please do not hesitate to contact my assistant, Valdean Miller, should you need additional information.

Sincerely,

**Wilkes & McHugh, P.A.**

Deborah T. Riordan

DTR/vvm
Enclosures

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
CIVIL DIVISION

Penny Slater, as Personal Representative of the
Estate of Gloria Slater, deceased, and on behalf
of the wrongful death beneficiaries of Gloria Slater                    PLAINTIFF

vs.                                          NO. CV-2012-101-1

Capital SeniorCare Ventures, LLC;
Column Guaranteed LLC; SLC Properties, LLC;
SLC Property Holdings, LLC; SLC Property
Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations
Holdings, LLC; Senior Living Communities of
Arkansas, LLC; SLC Professionals, LLC f/k/a
SLC Professionals of Arkansas, LLC; SLC
Professionals Holdings, LLC; Senior Vantage
Point, LLC; ADDIT, LLC; Quality Review, LLC;
Southern Heritage Health and Rehabilitation, LLC;
McGehee Holdings, LLC; Deborah Thornton, in
her capacity as Administrator of Southern Heritage
Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                                          DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and

affirmation as follows:

1.       That I am the attorney for the Plaintiff in the above captioned case.

2.       That on November 5, 2012, I caused a copy of the Summons, Complaint

and Discovery to be served on Corporation Service Company, Registered Agent for

Quality Review, LLC, by placing a copy thereof in the United States Mail, addressed to

Quality Review, LLC c/o Corporation Service Company, with certified delivery, restricted

delivery, return receipt requested to the Addressee or Agent of Addressee and sufficient

postage affixed to insure delivery.

FILED _11-13-12_ BY _S Camden_
@ _9:00_ O'CLOCK _A_ M
SKIPPY LEEK - DESHA COUNTY
CIRCUIT COURT CLERK
ARKANSAS CITY ARKANSAS

3.      That said Summons, Complaint and Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents were claimed as evidenced by the Domestic Return Receipt No. 7005 1160 0001 6201 2455, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _9th_ day of November, 2012.

                                        Respectfully submitted,

                                        Penny Slater, as Personal Representative of
                                        the Estate of Gloria Slater, deceased, and on
                                        behalf of the wrongful death beneficiaries of
                                        Gloria Slater

                        By:   _Melody H. Piazza_____
                                        Melody H. Piazza (AR 86108)
                                        Deborah T. Riordan  (AR 93231)
                                        Wilkes & McHugh, P.A.
                                        One Information Way, Suite 300
                                        Little Rock, Arkansas  72202
                                        Telephone:   (501) 371-9903
                                        Facsimile:   (501) 371-9905

                                        *Attorneys for Plaintiff*

On this the 9th day of November, 2012, before me, Melody H. Piazza, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

                        _Cassandra L. Peters_____
                        NOTARY PUBLIC

My Commission Expires:



2



**SENDER:** *COMPLETE THIS SECTION*

☐ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
☐ Print your name and address on the reverse
  so that we can return the card to you.
☐ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Quality Review, LLC
c/o Corporation Service Company
251 E. Ohio St., Ste 500
Indianapolis, IN
46204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

CIRCLE CITY STATION

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered      ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☑ Yes

2. Article Number
   (Transfer from service label)

7005 1160 0001 6201 2455

PS Form 3811, February 2004        Domestic Return Receipt        540

7005 1160 0001 6201 2455





PLAINTIFF'S
EXHIBIT
"A"

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
_CIVIL_ DIVISION

## SUMMONS

Case No: _CV2012-101-1_

**PLAINTIFF(S):**
Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

vs.

**DEFENDANT(S):**
Capital SeniorCare Ventures, LLC; Column Guaranteed LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC Operations Master Tenant, LLC; SLC Operations Holdings, LLC; Senior Living Communities of Arkansas, LLC; SLC Professionals, LLC f/k/a SLC Professionals of Arkansas, LLC; SLC Professional Holdings, LLC; Senior Vantage Point, LLC; ADDIT, LLC; Quality Review, LLC; Southern Heritage Health and Rehabilitation, LLC; McGehee Holdings, LLC; Deborah Thornton, in her capacity as Administrator of Southern Heritage Health and Rehabilitation, LLC, and John Doe 1 through 5, Unknown Defendants

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| Melody H. Piazza | Quality Review, LLC |
| Deborah T. Riordan | c/o Corporation Service Company |
| WILKES & McHUGH, P.A. | 251 East Ohio Street, Suite 500 |
| One Information Way, Suite 300 | Indianapolis, Indiana 46204 |
| Little Rock, AR 72202 | |
| Phone: (501) 371-9903 | |
| Fax: (501) 371-9905 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   Quality Review, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents must be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: _October 15, 2012_

Skippy Leek
Desha County Circuit Clerk
Courthouse Annex
604 President Street
Arkansas City, AR 71630

SKIPPY LEEK, Clerk

By: _Shirley Kozulski_  Deputy Clerk

SEAL

No. _____          This Summons is for: Quality Review, LLC

## PROOF OF SERVICE

☐  I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

☐  I left the summons and complaint in the proximity of the individual by _____.

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

☐  I delivered the summons and complaint to _____[name of individual],

an agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
FIRST DIVISION

Penny Slater, as Personal Representative of the
Estate of Gloria Slater, deceased, and on behalf
of the wrongful death beneficiaries of Gloria Slater          PLAINTIFF

vs.                                    NO. CV-2012-101-1

Capital SeniorCare Ventures, LLC;
Column Guaranteed LLC; SLC Properties, LLC;
SLC Property Holdings, LLC; SLC Property
Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations
Holdings, LLC; Senior Living Communities of
Arkansas, LLC; SLC Professionals, LLC f/k/a
SLC Professionals of Arkansas, LLC; SLC
Professionals Holdings, LLC; Senior Vantage
Point, LLC; ADDIT, LLC; Quality Review, LLC;
Southern Heritage Health and Rehabilitation, LLC;
McGehee Holdings, LLC; Deborah Thornton, in
her capacity as Administrator of Southern Heritage
Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                          DEFENDANTS

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO SEPARATE DEFENDANTS, CAPITAL SENIORCARE VENTURES, LLC
## AND COLUMN GUARANTEED LLC

Plaintiff, Penny Slater, as Personal Representative of the Estate of Gloria Slater,

deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater, propounds

the following First Set of Interrogatories to Separate Defendants, Capital SeniorCare

Ventures, LLC and Column Guaranteed LLC, to be answered by the respective

Defendants in accordance with the Arkansas Rules of Civil Procedure:

## DEFINITIONS AND INSTRUCTIONS:

1.      *"You or Your."*   The terms "You" and "Your," as well as a party's full or

abbreviated name or pronoun referring to a party, mean the party and, where

FILED *10-24-12* BY
@ *2:30* O'CLOCK M
SKIPPY LEEK - DESHA COUNTY
CIRCUIT COURT CLERK
ARKANSAS CITY, ARKANSAS

applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.    *"Person."*    The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.    *"Document."*    The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

4.    *"Identify" (with respect to persons).*    When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

5.    *"Identify" (with respect to documents).*    When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

6.    *"Residency."*    For purposes of these Interrogatories, "residency" is defined as the period during which time Gloria Slater was a resident of Southern Heritage Health and Rehabilitation, LLC, from August 25, 2010 through July 18, 2011.

7.    *"Facility."*   For purposes of these Interrogatories, "facility" is defined as Southern Heritage Health and Rehabilitation, LLC located at 700 Mark Drive, McGehee, Desha County, Arkansas 71654.

**INTERROGATORY NO. 1:**   Please state the name, address and title of each person who contributed in any way to the gathering of the information upon which your answers to these interrogatories are based.

**INTERROGATORY NO. 2:**   Please state the name, address and title of each person whom you know, or have reason to believe, has any information or knowledge regarding the residency of Gloria Slater at the facility and/or the facts alleged in Plaintiff's Complaint.

**INTERROGATORY NO. 3:**   Please state the name, address, and telephone number of each person who you may call as a witness in this case, the subject matter to which each person will testify, and the substance of the facts to which each person will testify.

**INTERROGATORY NO. 4:**   Identify each person you may call as an expert witness at trial of this case and with respect to each such person:

(a)    State separately for each expert his or her educational background, including all educational institutions attended, dates of attendance, and degrees, if any received;

(b)    State separately for each expert any other specialized training in his or her field, including the type of training received, the institution at which the training was received, and the dates of the training;

(c)    Identify separately for each expert each professional, trade, academic, or other organization of which he or she is a member, including in your response the name of the organization, the dates of membership, and a description of each office held;

3

(d)     Identify separately each book, paper, article, or other writing or publication of each expert, including title and subject matter, name and address of publisher, date of publication, and co-authors, if any;

(e)     State separately for each expert each job held by each expert for the past ten (10) years including name and address of employer, dates of employment, and description of position held;

(f)     State separately for each expert any other experience had that is relevant in any manner to his or her expected testimony in the cause;

(g)     State separately for each expert the subject matter of his or her expected testimony;

(h)     State separately and in detail for each expert the substance of all facts about which the expert is expected to testify;

(i)     State separately and in detail for each expert the substance of all opinions about which each expert is expected to testify;

(j)     State separately and in detail for each expert the substance of the grounds for each opinion by each expert and state in detail the substance of all facts upon which any opinions are based;

(k)     Identify separately for each expert all documents he or she has been shown, had summarized, or otherwise had made available for review in connection with his or her testimony in this matter;

(l)     Identify separately for each expert all depositions, pleadings, or other records of any court or administrative proceeding that have been made available for review in connection with his or her testimony in this proceeding;

(m)     Identify separately for each expert anything else shown to or reviewed by each expert in connection with his or her expected testimony in this action;

(n)     Identify separately for each expert all work papers, whether preliminary or final, prepared by or for each expert in connection with his or her expected testimony in this litigation;

(o)     Identify separately for each such expert all reports, including all drafts prepared by or for each expert in connection with his or her expected testimony in this action and state the name and present location of the person with custody of each report or draft;

(p)     State separately for each expert all instructions given by the defendant or defendants' agents in connection with the expert's expected testimony in this action;

(q)     Identify separately for each expert all persons with whom each expert spoke regarding his expected testimony in this action and state the substance of those discussions;

(r)     Identify separately for each expert all persons assisting each expert in any manner in the preparation of his or her expected testimony in this action, including the name and address of each such person who gave assistance, the type of assistance given, and the dates during which the assistance was given;

(s)     Identify separately for each expert anyone else with whom each expert has spoken regarding his or her expected testimony in this action;

(t)     State separately as to each expert the compensation already paid; and

(u)     State separately as to each expert the compensation yet to be paid, the times when payment will become due, and any conditions that each expert must meet in order to secure compensation.

**INTERROGATORY NO. 5:** Please state the name and address of each person with whom you have consulted whose report or opinions will be relied upon in whole or in part by a testifying expert in this case.

**INTERROGATORY NO. 6:** Identify all members of your governing body during the residency and list the following information:

(a)     Name;

(b)     Current or last known home address;

(c)     Current or last known place of employment;

(d)     Telephone number; and,

(e)     Dates identified person served as a member of the governing body.

**INTERROGATORY NO. 7:** Please identify all contracts and agreements (written or verbal) by which you provided personnel, services, monies, or goods to the facility

during the residency.   For each contract or agreement, please identify the applicable time periods and the substance of the agreement or contract.

**INTERROGATORY NO. 8:** Please list and describe in detail each item of evidence that you plan to offer at trial, including, but not limited to, those that you plan to or will use in the direct examination and cross-examination of witnesses.

**INTERROGATORY NO. 9:** Please identify all insurance policies affording potential coverage for the claims alleged in Plaintiff's Complaint. For each policy, state the following:

    (a)    The name of the insurance carrier;

    (b)    The named insured as shown on the policy;

    (c)    Coverage limits per person, per occurrence and aggregated limits;

    (d)    Whether the policy is an occurrence or claims made policy;

    (e)    Whether the coverage is primary, excess or umbrella; and,

    (f)    Whether any insurance carrier has denied coverage or is defending under a reservation of rights.

**INTERROGATORY NO. 10:**   Please identify all information regarding your company's organization or incorporation, including:

    a)    The date of your organization/ incorporation;

    b)    The State or country in which you were organized/ incorporated;

    c)    Whether you are currently an entity in good standing in your organizing State or country;

    d)    All States or countries in which you do business and are an entity in good standing;

    e)    The name and address of your incorporator or organizer;

    f)    The name and address of your registered agent(s);

    g)    The stated purpose for which you were organized or incorporated;

6

h)   Whether your claimed duration is less than perpetual, and if so, the stated duration on your incorporating or organizational documents;

i)   The names and addresses of your first officers and directors;

j)   The names and addresses of your first managers, if any;

k)   The date and place of your last meeting of the officers and/ or directors; and

l)   If you have dissolved, the date of dissolution and the location of any filing of dissolution.

**INTERROGATORY NO. 11**:   Please identify the name, last known address, telephone number and dates of service of every person who performed any type of audit or review of your financial records during the residency.

**INTERROGATORY NO. 12:**  Please identify each consultant you provided to the facility during the residency.

**INTERROGATORY NO. 13:**   Please list the date and substance of any investigation which Defendant knows or believes was conducted by any governmental agency concerning Gloria Slater, including, but not limited to, the Office of Long Term Care or any law enforcement offices, as well as the name and address of the agency that conducted the investigation.

**INTERROGATORY NO. 14:**   Please state the name, address and telephone number of all corporations, associations, entities or persons who had an ownership or financial interest in Defendant during the residency and at all times since the residency.

**INTERROGATORY NO. 15:**   Please identify all records known to you which pertain in any way to Gloria Slater's residency at the facility and state the name, title, and business address of the custodian of each record.

**INTERROGATORY NO. 16**: Are you aware of any care, services or treatment provided to Gloria Slater at the facility that is not documented in the facility chart?  If so, please state:

    (a)    a description of the service, care or treatment provided;

    (b)    the date on which the service, care or treatment was provided;

    (c)    the name and position of the person who provided the care, service or treatment; and,

    (d)    the location of any documentation regarding to the care, service or treatment provided.

**INTERROGATORY NO. 17**: Are you aware of any care, services or treatment that is documented in Gloria Slater's facility chart but was not provided?  If so, please state:

    (a)    a description of the service, care or treatment documented as provided;

    (b)    the date on which the service, care or treatment was documented as being provided;

    (c)    the name and position of the person who provided the care, service or treatment; and,

    (d)    the location of the documentation of the care, service or treatment provided that was not provided.

**INTERROGATORY NO. 18**:  Do you claim that Plaintiff, or any other person or entity was at fault, negligent, or comparatively negligent, in whole or in part, for the claims asserted against you in this lawsuit?  If your answer is "Yes", please describe in detail each act or omission on the part of the plaintiff, or any other person or entity that you contend constituted negligence or fault or caused in whole or in part Plaintiff's injuries.

8

**INTERROGATORY NO. 19:**  Do you or your attorneys have in your possession, custody or control any statement of any person (including any plaintiff) concerning the facts surrounding this controversy including any written statements, signed or otherwise, adopted or proved by such person or any stenographic, mechanical, electrical, or other recording or any transcript thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously reported?  If so, please state the following:

    (a)    The name, address, and phone number of the person from whom it was obtained;

    (b)    The date it was obtained;

    (c)    The title and position of the person who obtained it;

    (d)    Where it was obtained; and,

    (e)    Is the statement signed by the person giving the statement?  If it was not signed, please state how the statement is connected with the person purportedly giving the statement.  For example, telephone-recorded conversation, etc.

**INTERROGATORY NO. 20:** Please list and describe in detail each and every document, item or thing which supports any defense upon which you intend to rely at the trial of this matter.

9

Respectfully submitted,

Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

By: _____

Melody H. Piazza  (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas 72202
Telephone:   (501) 371-9903
Facsimile:    (501) 371-9905

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
FIRST DIVISION

Penny Slater, as Personal Representative of the
Estate of Gloria Slater, deceased, and on behalf
of the wrongful death beneficiaries of Gloria Slater                PLAINTIFF

vs.                                    NO. CV-2012-101-1

Capital SeniorCare Ventures, LLC;
Column Guaranteed LLC; SLC Properties, LLC;
SLC Property Holdings, LLC; SLC Property
Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations
Holdings, LLC; Senior Living Communities of
Arkansas, LLC; SLC Professionals, LLC f/k/a
SLC Professionals of Arkansas, LLC; SLC
Professionals Holdings, LLC; Senior Vantage
Point, LLC; ADDIT, LLC; Quality Review, LLC;
Southern Heritage Health and Rehabilitation, LLC;
McGehee Holdings, LLC; Deborah Thornton, in
her capacity as Administrator of Southern Heritage
Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                                 DEFENDANTS

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SEPARATE DEFENDANTS, CAPITAL SENIORCARE VENTURES, LLC AND COLUMN GUARANTEED LLC

Plaintiff, Penny Slater, as Personal Representative of the Estate of Gloria Slater,

deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater, propounds

the following First Set of Requests for Production of Documents to Separate

Defendants, Capital SeniorCare Ventures, LLC and Column Guaranteed LLC, to be

answered by the respective Defendants in accordance with the Arkansas Rules of Civil

Procedure:

FILED 10-24-12   BY
@ 2:30   O'CLOCK
SKIPPY LEEK - DESHA COUNTY
CIRCUIT COURT CLERK
ARKANSAS CITY  ARKANSAS

## DEFINITIONS AND INSTRUCTIONS:

1.      *"You or Your."*   The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.      *"Person."*   The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.      *"Document."*   The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

4.      *"Residency."*   For purposes of these Requests for Production of Documents, "residency" is defined as the period during which time Gloria Slater was a resident of Southern Heritage Health and Rehabilitation, LLC, from August 25, 2010 through July 18, 2011.

5.      *"Facility."*   For purposes of these Requests for Production of Documents, "facility" is defined as Southern Heritage Health and Rehabilitation, LLC located at 700 Mark Drive, McGehee, Desha County, Arkansas 71654.

6.      To preserve the privacy of residents other than Gloria Slater, Defendants may delete, obliterate, or otherwise redact the names of residents other than Gloria

2

Slater from records provided in response to these Requests for Production of Documents.

**REQUEST TO PRODUCE NO. 1:**  Please produce all complaints or incident investigations that relate to Gloria Slater undertaken by you or at your request **prior to receiving formal notice of this lawsuit**.

**REQUEST TO PRODUCE NO. 2:**  Please produce all of your monthly, quarterly and annual balance sheets and income statements for the year(s) of the residency.

**REQUEST TO PRODUCE NO. 3:**  Please produce all your insurance policies that were in effect during the residency, including primary, umbrella, and excess that covered employees, agents, officers and/or consultants of the facility.

**REQUEST TO PRODUCE NO. 4:**  Please produce a copy of any and all organizational charts and/or corporate structures that reflect Defendant as a member of or entity identified on the corporate structure or chart, which is effective for the residency period.

**REQUEST TO PRODUCE NO. 5:**  Please produce all documentation from in-service training sessions you held, participated in or funded at the facility, or for facility staff, during the residency, including:

(a) Dates of the sessions;

(b) Names of those in attendance;

(c) The person(s) conducting the sessions; and,

(d) The subject(s) addressed during the sessions.

**REQUEST TO PRODUCE NO. 6:**  Please produce all contracts between the facility and Defendant that were effective during the residency.

**REQUEST TO PRODUCE NO. 7:**  Please produce all contracts with consultants who provided care or services to the facility during the residency.

**REQUEST TO PRODUCE NO. 8:**  Please produce all documents, reports, correspondence, e-mails or other writings in your possession concerning the care and treatment of residents at the facility during the residency.

**REQUEST TO PRODUCE NO. 9:**  Please produce documents addressing or memorializing all complaints submitted to you or your agents by employees who worked at the facility during the residency.

**REQUEST TO PRODUCE NO. 10:**  Please produce all internal memoranda, e-mails, or any other documents in your possession that reflect discussions of staffing issues at the facility during the residency.

**REQUEST TO PRODUCE NO. 11:**  Please produce all documents in your possession that reflect or are related to maintaining the budget at the facility, including but not limited to, inter-company memoranda, correspondence, handwritten notes and e-mails during the residency.

**REQUEST TO PRODUCE NO. 12:**  Please produce all documentation received by you from, or submitted by you to, any division or bureau of or any local, state, or federal governmental entity which addresses findings, conclusions, violations, deficiencies, penalties, actions and recommended sanctions regarding the facility during the residency.

**REQUEST TO PRODUCE NO. 13:**  Please produce all documentation and/or reports from any consultant or management personnel hired to evaluate the adequacy of care rendered to residents at the facility during the residency.

**REQUEST TO PRODUCE NO. 14:**   Please produce copies of all monthly, quarterly and annual statements provided to Defendant, or its agents, for all financial accounts (or accounts maintained for their benefit) including checking and savings accounts, brokerage accounts, etc., during the residency.

**REQUEST TO PRODUCE NO. 15:**   Please produce copies of any and all stock certificates or other evidences of ownership interest, including instruments evidencing Defendant's purchase, acquisition, transfer, sale, assignment, or right to the purchase or sale, of interests at any time, in any corporation, partnership, limited liability company or other entity.

**REQUEST TO PRODUCE NO. 16:**   Please produce copies of any and all security agreements, financing statements, promissory notes and other evidences of debt that Defendant owed to any creditor, including any bank, during the residency.

**REQUEST TO PRODUCE NO. 17:**   Please produce copies of any and all organizational documents for Defendant, including i) any articles of corporation or organization, and any amendments thereto; ii) by-laws, and any amendments thereto; and iii) the most recent certificate(s) of good standing issued for any and all jurisdictions in which Defendant operates.

**REQUEST TO PRODUCE NO. 18:** Please produce copies of any and all of Defendant's board of director minutes for the year(s) of the residency.

**REQUEST TO PRODUCE NO. 19:** Please produce copies of any and all contracts, agreements, correspondence, or other documentation that is not otherwise privileged that was executed or exchanged between or by Defendant, or its agents, during the residency that refers to the adequacy of care rendered to residents at the facility.

**REQUEST TO PRODUCE NO. 20:**   Please produce all documents in your possession that concern Gloria Slater in any way that have not been produced in response to any request for production above.

> Respectfully submitted,
>
> Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

By: _____

Melody H. Piazza  (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, AR  72202
Telephone:   (501) 371-9903
Facsimile:    (501) 371-9905

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
FIRST DIVISION

Penny Slater, as Personal Representative of the
Estate of Gloria Slater, deceased, and on behalf
of the wrongful death beneficiaries of Gloria Slater                    PLAINTIFF

vs.                                      NO. CV-2012-101-1

Capital SeniorCare Ventures, LLC;
Column Guaranteed LLC; SLC Properties, LLC;
SLC Property Holdings, LLC; SLC Property
Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations
Holdings, LLC; Senior Living Communities of
Arkansas, LLC; SLC Professionals, LLC f/k/a
SLC Professionals of Arkansas, LLC; SLC
Professionals Holdings, LLC; Senior Vantage
Point, LLC; ADDIT, LLC; Quality Review, LLC;
Southern Heritage Health and Rehabilitation, LLC;
McGehee Holdings, LLC; Deborah Thornton, in
her capacity as Administrator of Southern Heritage
Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                                       DEFENDANTS

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## SLC PROPERTY HOLDINGS, LLC; SLC PROPERTY INVESTORS, LLC;
## SLC OPERATIONS HOLDINGS, LLC; AND SLC PROFESSIONALS HOLDINGS, LLC

Plaintiff, Penny Slater, as Personal Representative of the Estate of Gloria Slater,

deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater, propounds

the following First Set of Interrogatories to Separate Defendants, SLC Property

Holdings, LLC; SLC Property Investors, LLC; SLC Operations Holdings, LLC; and SLC

Professionals Holdings, LLC, to be answered by the respective Defendants in

accordance with the Arkansas Rules of Civil Procedure:

FILED *10-24-12* BY
@ *2:30*   O'CLOCK *P* M
SKIPPY LEEK - DESHA COUNTY
CIRCUIT COURT CLERK
ARKANSAS CITY, ARKANSAS

## DEFINITIONS AND INSTRUCTIONS:

1.      *"You or Your."*   The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.      *"Person."*   The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.      *"Document."*   The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

4.      *"Identify" (with respect to persons).*   When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

5.      *"Identify" (with respect to documents).*   When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

2

6.    *"Residency."* For purposes of these Interrogatories, "residency" is defined as the period during which time Gloria Slater was a resident of Southern Heritage Health and Rehabilitation, LLC, from August 25, 2010 through July 18, 2011.

7.    *"Facility."* For purposes of these Interrogatories, "facility" is defined as Southern Heritage Health and Rehabilitation, LLC located at 700 Mark Drive, McGehee, Desha County, Arkansas 71654.

**INTERROGATORY NO. 1:** Please state the name, address and title of each person who contributed in any way to the gathering of the information upon which your answers to these interrogatories are based.

**INTERROGATORY NO. 2:** Please state the name, address and title of each person whom you know, or have reason to believe, has any information or knowledge regarding the residency of Gloria Slater at the facility and/or the facts alleged in Plaintiff's Complaint.

**INTERROGATORY NO. 3:** Please state the name, address, and telephone number of each person who you may call as a witness in this case, the subject matter to which each person will testify, and the substance of the facts to which each person will testify.

**INTERROGATORY NO. 4:** Identify each person you may call as an expert witness at trial of this case and with respect to each such person:

(a)    State separately for each expert his or her educational background, including all educational institutions attended, dates of attendance, and degrees, if any received;

(b)    State separately for each expert any other specialized training in his or her field, including the type of training received, the institution at which the training was received, and the dates of the training;

3

(c)     Identify separately for each expert each professional, trade, academic, or other organization of which he or she is a member, including in your response the name of the organization, the dates of membership, and a description of each office held;

(d)     Identify separately each book, paper, article, or other writing or publication of each expert, including title and subject matter, name and address of publisher, date of publication, and co-authors, if any;

(e)     State separately for each expert each job held by each expert for the past ten (10) years including name and address of employer, dates of employment, and description of position held;

(f)     State separately for each expert any other experience had that is relevant in any manner to his or her expected testimony in the cause;

(g)     State separately for each expert the subject matter of his or her expected testimony;

(h)     State separately and in detail for each expert the substance of all facts about which the expert is expected to testify;

(i)     State separately and in detail for each expert the substance of all opinions about which each expert is expected to testify;

(j)     State separately and in detail for each expert the substance of the grounds for each opinion by each expert and state in detail the substance of all facts upon which any opinions are based;

(k)     Identify separately for each expert all documents he or she has been shown, had summarized, or otherwise had made available for review in connection with his or her testimony in this matter;

(l)     Identify separately for each expert all depositions, pleadings, or other records of any court or administrative proceeding that have been made available for review in connection with his or her testimony in this proceeding;

(m)     Identify separately for each expert anything else shown to or reviewed by each expert in connection with his or her expected testimony in this action;

(n)     Identify separately for each expert all work papers, whether preliminary or final, prepared by or for each expert in connection with his or her expected testimony in this litigation;

(o)     Identify separately for each such expert all reports, including all drafts prepared by or for each expert in connection with his or her expected

4

testimony in this action and state the name and present location of the person with custody of each report or draft;

(p)     State separately for each expert all instructions given by the defendant or defendants' agents in connection with the expert's expected testimony in this action;

(q)     Identify separately for each expert all persons with whom each expert spoke regarding his expected testimony in this action and state the substance of those discussions;

(r)     Identify separately for each expert all persons assisting each expert in any manner in the preparation of his or her expected testimony in this action, including the name and address of each such person who gave assistance, the type of assistance given, and the dates during which the assistance was given;

(s)     Identify separately for each expert anyone else with whom each expert has spoken regarding his or her expected testimony in this action;

(t)     State separately as to each expert the compensation already paid; and

(u)     State separately as to each expert the compensation yet to be paid, the times when payment will become due, and any conditions that each expert must meet in order to secure compensation.

**INTERROGATORY NO. 5:**  Please state the name and address of each person with whom you have consulted whose report or opinions will be relied upon in whole or in part by a testifying expert in this case.

**INTERROGATORY NO. 6:** Identify all members of your governing body during the residency and list the following information:

(a)     Name;

(b)     Current or last known home address;

(c)     Current or last known place of employment;

(d)     Telephone number; and,

(e)     Dates identified person served as a member of the governing body.

**INTERROGATORY NO. 7**: Please identify all contracts and agreements (written or verbal) by which you provided personnel, services, monies, or goods to the facility during the residency.  For each contract or agreement, please identify the applicable time periods and the substance of the agreement or contract.

**INTERROGATORY NO. 8:** Please list and describe in detail each item of evidence that you plan to offer at trial, including, but not limited to, those that you plan to or will use in the direct examination and cross-examination of witnesses.

**INTERROGATORY NO. 9:** Please identify all insurance policies affording potential coverage for the claims alleged in Plaintiff's Complaint. For each policy, state the following:

    (a)    The name of the insurance carrier;

    (b)    The named insured as shown on the policy;

    (c)    Coverage limits per person, per occurrence and aggregated limits;

    (d)    Whether the policy is an occurrence or claims made policy;

    (e)    Whether the coverage is primary, excess or umbrella; and,

    (f)    Whether any insurance carrier has denied coverage or is defending under a reservation of rights.

**INTERROGATORY NO. 10:**  Please identify all officers and members of your board of directors during the residency.

**INTERROGATORY NO. 11**:  Please identify the name, last known address, telephone number and dates of service of every person who performed any type of audit or review of your financial records during the residency.

**INTERROGATORY NO. 12:** Please identify each consultant you provided to the facility during the residency, including but not limited to dietary consultant, medical

records consultant, physical therapy consultant, nursing consultant, or pharmacy consultant.

**INTERROGATORY NO. 13:**   Please list the date and substance of any investigation which Defendant knows or believes was conducted by any governmental agency concerning Gloria Slater, including, but not limited to, the Office of Long Term Care or any law enforcement offices, as well as the name and address of the agency that conducted the investigation.

**INTERROGATORY NO. 14:**   Please state the name, address and telephone number of all corporations, associations, entities or persons who had an ownership or financial interest in Defendant during the residency.

**INTERROGATORY NO. 15:**   Please identify all records known to you which pertain in any way to Gloria Slater's residency at the facility and state the name, title, and business address of the custodian of each record.

**INTERROGATORY NO. 16**: Are you aware of any care, services or treatment provided to Gloria Slater at the facility that are not documented in the facility chart?  If so, please state:

    (a)      a description of the service, care or treatment provided;

    (b)      the date on which the service, care or treatment was provided;

    (c)      the name and position of the person who provided the care, service or treatment; and,

    (d)      the location of any documentation regarding to the care, service or treatment provided.

**INTERROGATORY NO. 17**: Are you aware of any care, services or treatment that is documented in Gloria Slater's facility chart but was not provided?  If so, please state:

    (a)     a description of the service, care or treatment documented as provided;

    (b)     the date on which the service, care or treatment was documented as being provided;

    (c)     the name and position of the person who provided the care, service or treatment; and,

    (d)     the location of the documentation of the care, service or treatment provided that was not provided.

**INTERROGATORY NO. 18:**  Do you claim that Plaintiff, or any other person or entity was at fault, negligent, or comparatively negligent, in whole or in part, for the claims asserted against you in this lawsuit?  If your answer is "Yes", please describe in detail each act or omission on the part of the plaintiff, or any other person or entity that you contend constituted negligence or fault or caused in whole or in part Plaintiff's injuries.

**INTERROGATORY NO. 19:**  Do you or your attorneys have in your possession, custody or control any statement of any person (including any plaintiff) concerning the facts surrounding this controversy including any written statements, signed or otherwise, adopted or proved by such person or any stenographic, mechanical, electrical, or other recording or any transcript thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously reported?  If so, please state the following:

    (a)     The name, address, and phone number of the person from whom it was obtained;

    (b)     The date it was obtained;

    (c)     The title and position of the person who obtained it;

    (d)     Where it was obtained; and,

(e)     Is the statement signed by the person giving the statement?  If it was not signed, please state how the statement is connected with the person purportedly giving the statement.   For example, telephone-recorded conversation, etc.

**INTERROGATORY NO. 20:** Please list and describe in detail each and every document, item or thing which supports any defense upon which you intend to rely at the trial of this matter.

Respectfully submitted,

Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

By:

Melody H. Piazza  (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:   (501) 371-9903
Facsimile:    (501) 371-9905

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
FIRST DIVISION

Penny Slater, as Personal Representative of the
Estate of Gloria Slater, deceased, and on behalf
of the wrongful death beneficiaries of Gloria Slater          PLAINTIFF

vs.                              NO. CV-2012-101-1

Capital SeniorCare Ventures, LLC;
Column Guaranteed LLC; SLC Properties, LLC;
SLC Property Holdings, LLC; SLC Property
Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations
Holdings, LLC; Senior Living Communities of
Arkansas, LLC; SLC Professionals, LLC f/k/a
SLC Professionals of Arkansas, LLC; SLC
Professionals Holdings, LLC; Senior Vantage
Point, LLC; ADDIT, LLC; Quality Review, LLC;
Southern Heritage Health and Rehabilitation, LLC;
McGehee Holdings, LLC; Deborah Thornton, in
her capacity as Administrator of Southern Heritage
Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                        DEFENDANTS

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SLC PROPERTY HOLDINGS; SLC PROPERTY INVESTORS, LLC; SLC OPERATIONS HOLDINGS, LLC; AND SLC PROFESSIONALS HOLDINGS, LLC

Plaintiff, Penny Slater, as Personal Representative of the Estate of Gloria Slater,

deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater, propounds

the following First Set of Requests for Production of Documents to Separate

Defendants, SLC Property Holdings, LLC; SLC Property Investors, LLC; SLC

Operations Holdings, LLC; and SLC Professionals Holdings, LLC, to be answered by

the respective Defendants in accordance with the Arkansas Rules of Civil Procedure:

FILED 10-24-12 BY _____
@ 2:30 _____ O'CLOCK _____ M
SKIPPY LEEK - DESHA COUNTY
CIRCUIT COURT CLERK
ARKANSAS CITY, ARKANSAS

## DEFINITIONS AND INSTRUCTIONS:

1.      *"You or Your."*   The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.      *"Person."*   The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.      *"Document."*   The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

4.      *"Residency."*   For purposes of these Requests for Production of Documents, "residency" is defined as the period during which time Gloria Slater was a resident of Southern Heritage Health and Rehabilitation, LLC, from August 25, 2010 through July 18, 2011.

5.      *"Facility."*   For purposes of these Requests for Production of Documents, "facility" is defined as Southern Heritage Health and Rehabilitation, LLC located at 700 Mark Drive, McGehee, Desha County, Arkansas 71654.

6.      To preserve the privacy of residents other than Gloria Slater, Defendants may delete, obliterate, or otherwise redact the names of residents other than Gloria

Slater from records provided in response to these Requests for Production of Documents.

**REQUEST TO PRODUCE NO. 1:**   Please produce all complaints or incident investigations that relate to Gloria Slater undertaken by you or at your request **prior to receiving formal notice of this lawsuit**.

**REQUEST TO PRODUCE NO. 2:**   Please produce all monthly, quarterly and annual balance sheets and income statements for the year(s) of the residency.

**REQUEST TO PRODUCE NO. 3:**   Please produce all your insurance policies that were in effect during the residency, including primary, umbrella, and excess that covered employees, agents, officers and/or consultants of the facility. ·

**REQUEST TO PRODUCE NO. 4:**   Please produce a copy of any and all organizational charts and/or corporate structures that reflect Defendant as a member of or entity identified on the corporate structure or chart, which is effective for the residency period.

**REQUEST TO PRODUCE NO. 5:**   Please produce all documentation from in-service training sessions you held, participated in or funded at the facility, or for facility staff, during the residency, including:

(a) Dates of the sessions;

(b) Names of those in attendance;

(c) The person(s) conducting the sessions; and,

(d) The subject(s) addressed during the sessions.

**REQUEST TO PRODUCE NO. 6:**   Please produce all contracts between the facility and Defendant that were effective during the residency.

3

**REQUEST TO PRODUCE NO. 7:**  Please produce all contracts with consultants who provided care or services to the facility during the residency.

**REQUEST TO PRODUCE NO. 8:**  Please produce all documents, reports, correspondence, e-mails or other writings in your possession concerning the care and treatment of residents at the facility during the residency.

**REQUEST TO PRODUCE NO. 9:**  Please produce documents addressing or memorializing all complaints submitted to you or your agents by employees who worked at the facility during the residency.

**REQUEST TO PRODUCE NO. 10:**  Please produce all internal memoranda, e-mails, or any other documents in your possession that reflect discussions of staffing issues at the facility during the residency.

**REQUEST TO PRODUCE NO. 11:**  Please produce all documents in your possession that reflect or are related to maintaining the budget at the facility, including but not limited to, inter-company memoranda, correspondence, handwritten notes and e-mails during the residency.

**REQUEST TO PRODUCE NO. 12:**  Please produce all documentation received by you from, or submitted by you to, any division or bureau of or any local, state, or federal governmental entity which addresses findings, conclusions, violations, deficiencies, penalties, actions and recommended sanctions regarding the facility during the residency.

**REQUEST TO PRODUCE NO. 13:**  Please produce all documentation and/or reports from any consultant or management personnel hired to evaluate the adequacy of care rendered to residents at the facility during the residency.

4

**REQUEST TO PRODUCE NO. 14:**      Please produce copies of all monthly, quarterly and annual statements provided to Defendant, or its agents, for all financial accounts (or accounts maintained for their benefit) including checking and savings accounts, brokerage accounts, etc., during the residency.

**REQUEST TO PRODUCE NO. 15:** Please produce copies of any and all stock certificates or other evidences of ownership interest, including instruments evidencing Defendant's purchase, acquisition, transfer, sale, assignment, or right to the purchase or sale, of interests at any time, in any corporation, partnership, limited liability company or other entity.

**REQUEST TO PRODUCE NO. 16:** Please produce copies of any and all security agreements, financing statements, promissory notes and other evidences of debt that Defendant owed to any creditor, including any bank, during the residency.

**REQUEST TO PRODUCE NO. 17:** Please produce copies of any and all organizational documents for Defendant, including i) any articles of corporation or organization, and any amendments thereto; ii) by-laws, and any amendments thereto; and iii) the most recent certificate(s) of good standing issued for any and all jurisdictions in which Defendant operates.

**REQUEST TO PRODUCE NO. 18:** Please produce copies of any and all of Defendant's board of director minutes for the year(s) of the residency.

**REQUEST TO PRODUCE NO. 19:** Please produce copies of any and all contracts, agreements, correspondence, or other documentation that is not otherwise privileged that was executed or exchanged between or by Defendant, or its agents, during the residency, that refers to the adequacy of care rendered to residents at the facility.

**REQUEST TO PRODUCE NO. 20:**   Please produce copies of all documents evidencing or reflecting the purchase of the property and buildings upon which the facility is located.

**REQUEST TO PRODUCE NO. 21:**   Please produce copies of all documents evidencing or reflecting the ownership of the property and buildings upon which the facility is located.

**REQUEST TO PRODUCE NO. 22:**   Please produce all documents in your possession that concern Gloria Slater in any way that have not been produced in response to any request for production above.

Respectfully submitted,

Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

By:   _____
Melody H. Piazza  (AR 86108)
Deborah T. Riordan  (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, AR  72202
Telephone:   (501) 371-9903
Facsimile:    (501) 371-9905

Attorneys for Plaintiff

6

IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS
FIRST DIVISION

Penny Slater, as Personal Representative of the
Estate of Gloria Slater, deceased, and on behalf
of the wrongful death beneficiaries of Gloria Slater          PLAINTIFF

vs.                                     NO. CV-2012-101-1

Capital SeniorCare Ventures, LLC;
Column Guaranteed LLC; SLC Properties, LLC;
SLC Property Holdings, LLC; SLC Property
Investors, LLC; EOR-ARK, LLC; VAJ LLC; SLC
Operations Master Tenant, LLC; SLC Operations
Holdings, LLC; Senior Living Communities of
Arkansas, LLC; SLC Professionals, LLC f/k/a
SLC Professionals of Arkansas, LLC; SLC
Professionals Holdings, LLC; Senior Vantage
Point, LLC; ADDIT, LLC; Quality Review, LLC;
Southern Heritage Health and Rehabilitation, LLC;
McGehee Holdings, LLC; Deborah Thornton, in
her capacity as Administrator of Southern Heritage
Health and Rehabilitation, LLC; and John Doe 1
through 5, Unknown Defendants                         DEFENDANTS

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO EOR-ARK, LLC

Plaintiff, Penny Slater, as Personal Representative of Estate of Gloria Slater,

deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater (Plaintiff),

propounds the following First Set of Interrogatories to Separate Defendant, EOR-ARK,

LLC (Defendant), to be answered in accordance with the Arkansas Rules of Civil

Procedure:

## DEFINITIONS AND INSTRUCTIONS:

1.      *"You or Your."*   The terms "You" and "Your," as well as a party's full or

abbreviated name or pronoun referring to a party, mean the party and, where

applicable, its officers, directors, employees, partners, corporate parent, subsidiaries,

FILED *10-24-12* BY _____
@ *2:30* O'CLOCK _____ M
SKIPPY LEEK - DESHA COUNTY
CIRCUIT COURT CLERK
ARKANSAS CITY, ARKANSAS

affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.      *"Person."*      The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.      *"Document."*      The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

4.      *"Identify" (with respect to persons).*      When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

5.      *"Identify" (with respect to documents).*      When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

6.      *"Residency."*      For purposes of these Interrogatories, "residency" is defined as the period during which time Gloria Slater was a resident of Southern Heritage Health and Rehabilitation, LLC, from August 25, 2010 through July 18, 2011.

7.      *"Facility."*      For purposes of these Interrogatories, "facility" is defined as Southern Heritage Health and Rehabilitation, LLC located at 700 Mark Drive, McGehee, Desha County, Arkansas 71654.

2

**INTERROGATORY NO. 1:**   Please state the name, address and title of each person who contributed in any way to the gathering of the information upon which your answers to these interrogatories are based.

**INTERROGATORY NO. 2:**   For each person employed at the facility during the residency, please state:

    (a)     His or her name, last known address, and telephone number;

    (b)     His or her title;

    (c)     The dates of employment;

    (d)     The reasons for termination, if applicable; and,

    (e)     Whether the person was the subject of any disciplinary action during his or her term of employment and, if so, the precise details thereof.

**INTERROGATORY NO. 3:**   Please state the name, address and title of each person whom you know, or have reason to believe, has any information or knowledge regarding the residency of Gloria Slater at the facility and/or the facts alleged in Plaintiff's Complaint.

**INTERROGATORY NO. 4:**   Please state the name, address, and telephone number of each person who you may call as a witness in this case, the subject matter to which each person will testify, and the substance of the facts to which each person will testify.

**INTERROGATORY NO. 5:**   Identify each person you may call as an expert witness at trial of this case and with respect to each such person:

    (a)     State separately for each expert his or her educational background, including all educational institutions attended, dates of attendance, and degrees, if any received;

(b)     State separately for each expert any other specialized training in his or her field, including the type of training received, the institution at which the training was received, and the dates of the training;

(c)     Identify separately for each expert each professional, trade, academic, or other organization of which he or she is a member, including in your response the name of the organization, the dates of membership, and a description of each office held;

(d)     Identify separately each book, paper, article, or other writing or publication of each expert, including title and subject matter, name and address of publisher, date of publication, and co-authors, if any;

(e)     State separately for each expert each job held by each expert for the past ten (10) years including name and address of employer, dates of employment, and description of position held;

(f)     State separately for each expert any other experience had that is relevant in any manner to his or her expected testimony in the cause;

(g)     State separately for each expert the subject matter of his or her expected testimony;

(h)     State separately and in detail for each expert the substance of all facts about which the expert is expected to testify;

(i)     State separately and in detail for each expert the substance of all opinions about which each expert is expected to testify;

(j)     State separately and in detail for each expert the substance of the grounds for each opinion by each expert and state in detail the substance of all facts upon which any opinions are based;

(k)     Identify separately for each expert all documents he or she has been shown, had summarized, or otherwise had made available for review in connection with his or her testimony in this matter;

(l)     Identify separately for each expert all depositions, pleadings, or other records of any court or administrative proceeding that have been made available for review in connection with his or her testimony in this proceeding;

(m)     Identify separately for each expert anything else shown to or reviewed by each expert in connection with his or her expected testimony in this action;

4

(n)    Identify separately for each expert all work papers, whether preliminary or final, prepared by or for each expert in connection with his or her expected testimony in this litigation;

(o)    Identify separately for each such expert all reports, including all drafts prepared by or for each expert in connection with his or her expected testimony in this action and state the name and present location of the person with custody of each report or draft;

(p)    State separately for each expert all instructions given by the defendant or defendants' agents in connection with the expert's expected testimony in this action;

(q)    Identify separately for each expert all persons with whom each expert spoke regarding his expected testimony in this action and state the substance of those discussions;

(r)    Identify separately for each expert all persons assisting each expert in any manner in the preparation of his or her expected testimony in this action, including the name and address of each such person who gave assistance, the type of assistance given, and the dates during which the assistance was given;

(s)    Identify separately for each expert anyone else with whom each expert has spoken regarding his or her expected testimony in this action;

(t)    State separately as to each expert the compensation already paid; and

(u)    State separately as to each expert the compensation yet to be paid, the times when payment will become due, and any conditions that each expert must meet in order to secure compensation.

**INTERROGATORY NO. 6:** Please state the name and address of each person with whom you have consulted whose report or opinions will be relied upon in whole or in part by a testifying expert in this case.

**INTERROGATORY NO. 7:** Identify all members of your governing body during the residency and list the following information:

(a)    Name;

(b)    Current or last known home address;

(c)    Current or last known place of employment;

(d)     Telephone number; and,

(e)     Dates identified person served as a member of the governing body.

**INTERROGATORY NO. 8**:  Please identify all contracts and agreements (written or verbal) by which you provided personnel, services, monies, or goods to the facility during the residency.  For each contract or agreement, please identify the applicable time periods and the substance of the agreement or contract.

**INTERROGATORY NO. 9:**  Please list and describe in detail each item of evidence that you plan to offer at trial, including, but not limited to, those that you plan to or will use in the direct examination and cross-examination of witnesses.

**INTERROGATORY NO. 10:**  Please identify all insurance policies affording potential coverage for the claims alleged in Plaintiff's Complaint. For each policy, state the following:

(a)     The name of the insurance carrier;

(b)     The named insured as shown on the policy;

(c)     Coverage limits per person, per occurrence and aggregated limits;

(d)     Whether the policy is an occurrence or claims made policy;

(e)     Whether the coverage is primary, excess or umbrella; and,

(f)     Whether any insurance carrier has denied coverage or is defending under a reservation of rights.

**INTERROGATORY NO. 11:**    Please identify all information regarding your company's organization or incorporation, including:

a)     The date of your organization/ incorporation;

b)     The State or country in which you were organized/ incorporated;

c)      Whether you are currently an entity in good standing in your organizing State or country;

d)     All States or countries in which you do business and are an entity in good standing;

e)     The name and address of your incorporator or organizer;

f)     The name and address of your registered agent(s);

g)     The stated purpose for which you were organized or incorporated;

h)     Whether your claimed duration is less than perpetual, and if so, the stated duration on your incorporating or organizational documents;

i)     The names and addresses of your first officers and directors;

j)     The names and addresses of your first managers, if any;

k)     The date and place of your last meeting of the officers and/ or directors; and

l)     If you have dissolved, the date of dissolution and the location of any filing of dissolution.

**INTERROGATORY NO. 12**:   Please identify the name, last known address, telephone number and dates of service of every person who performed any type of audit or review of your financial records during the residency.

**INTERROGATORY NO. 13:**   Please identify each consultant you provided to the facility during the residency, including but not limited to dietary consultant, medical records consultant, physical therapy consultant, nursing consultant, or pharmacy consultant.

**INTERROGATORY NO. 14:**   Please list the date and substance of any investigation which Defendant knows or believes was conducted by any governmental agency concerning Gloria Slater, including, but not limited to, the Office of Long Term Care or any law enforcement offices, as well as the name and address of the agency that conducted the investigation.

**INTERROGATORY NO. 15:**  Please state whether Defendant had a system to record consumer, resident or employee suggestions (i.e., suggestion box, 800 number, etc.) regarding the facility during the residency.  If so, please state the names and types of records of suggestions that exist; the person(s) primarily responsible for suggestions; and the name and business address of the records custodian who maintains these records.

**INTERROGATORY NO. 16:**  Please state the name, address and telephone number of all corporations, associations, entities or persons who had an ownership or financial interest in Defendant during the residency and at all times since the residency.

**INTERROGATORY NO. 17:**  Identify the owner(s) of the facility during the residency.  Please list the dates each person or entity was an owner.

**INTERROGATORY NO. 18**:  Please identify all records known to you which pertain in any way to Gloria Slater's residency at the facility and state the name, title, and business address of the custodian of each record.

**INTERROGATORY NO. 19**:  Are you aware of any care, services or treatment provided to Gloria Slater at the facility that are not documented in the facility chart?  If so, please state:

(a)    a description of the service, care or treatment provided;

(b)    the date on which the service, care or treatment was provided;

(c)    the name and position of the person who provided the care, service or treatment; and,

(d)    the location of any documentation regarding to the care, service or treatment provided.

**INTERROGATORY NO. 20**: Are you aware of any care, services or treatment that is documented in Gloria Slater's facility chart but was not provided?  If so, please state:

    (a)    a description of the service, care or treatment documented as provided;

    (b)    the date on which the service, care or treatment was documented as being provided;

    (c)    the name and position of the person who provided the care, service or treatment; and,

    (d)    the location of the documentation of the care, service or treatment provided that was not provided.

**INTERROGATORY NO. 21:**  Please identify each employment agency utilized by the facility during the residency for any employment need, including but not limited to nursing, dietary, housekeeping or administration.  Further, please state the date(s) each agency was utilized.

**INTERROGATORY NO. 22:** Do you claim that Plaintiff, or any other person or entity was at fault, negligent, or comparatively negligent, in whole or in part, for the claims asserted against you in this lawsuit?  If your answer is "Yes", please describe in detail each act or omission on the part of the plaintiff, or any other person or entity that you contend constituted negligence or fault or caused in whole or in part Plaintiff's injuries.

**INTERROGATORY NO. 23:** Do you or your attorneys have in your possession, custody or control any statement of any person (including any plaintiff) concerning the facts surrounding this controversy including any written statements, signed or otherwise, adopted or proved by such person or any stenographic, mechanical, electrical, or other recording or any transcript thereof which is a substantially verbatim recital of an oral

9

statement by the person making it and contemporaneously reported?  If so, please state the following:

    (a)    The name, address, and phone number of the person from whom it was obtained;

    (b)    The date it was obtained;

    (c)    The title and position of the person who obtained it;

    (d)    Where it was obtained; and,

    (e)    Is the statement signed by the person giving the statement?  If it was not signed, please state how the statement is connected with the person purportedly giving the statement.   For example, telephone-recorded conversation, etc.

**INTERROGATORY NO. 24:** Please list and describe in detail each and every document, item or thing which supports any defense upon which you intend to rely at the trial of this matter.

Respectfully submitted,

Penny Slater, as Personal Representative of the Estate of Gloria Slater, deceased, and on behalf of the wrongful death beneficiaries of Gloria Slater

By: _____
Melody H. Piazza (AR 86108)
Deborah T. Riordan (AR 93231)
Wilkes & McHugh, P.A.
One Information Way, Suite 300
Little Rock, Arkansas  72202
Telephone:  (501) 371-9903
Facsimile:    (501) 371-9905

Attorneys for Plaintiff