IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PENNY SLATER, as Personal Representative
of the Estate of Gloria Slater, deceased,
and on behalf of the wrongful death beneficiaries
of Gloria Slater                                                            PLAINTIFF

v.                              No. 5:12-cv-447-DPM

CAPITAL SENIORCARE
VENTURES, LLC, *et al.*                                                    DEFENDANTS

ORDER

Penny Slater claims that a consortium of nursing homes and their holding companies were negligent in caring for Gloria Slater, a former resident of one of the homes. She also alleges the Defendants conspired to misuse federal money meant to fund care for the homes' residents. The Defendants removed the case. They contend the conspiracy claim hinges on federal questions. Slater moves to remand, saying, among other things, that no substantial federal issues justify removal. The Court passes over the alleged procedural defect in removal to the main issue: this Court's jurisdiction.

Subject-matter jurisdiction where federal law is embedded in state-law claims is reserved for those cases where the federal question is "not only a

contested . . . issue, but a substantial one[.]" *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005). This is a narrow gate. *Central Iowa Power Coop. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The complaint here is a basket of state-law issues: negligence, medical malpractice, and civil conspiracy. The alleged state-law tort beneath the civil-conspiracy claim is a bit murky. It does not appear Slater is alleging that HUD and Medicare funds were obtained improperly; Slater has not alleged fraud. *Document No. 41, at 5*. Instead, she alleges that the Defendants conspired to intentionally underfund the nursing homes, leading to foreseeable injuries. *Ibid.* The substantive measure of Defendants' allegedly wrongful conduct will turn on what Defendants did with the federal money and why, not how they got it. *Compare Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 551 (8th Cir. 1996). That HUD or Medicare provided those funds is incidental. No big federal-law dispute exists about that predicate fact. And Defendants' belated argument about the negligence claim is, as Slater notes, more about a defense than a claim. Resolving all doubts in favor of remand to preserve the congressionally approved balance between state and federal judicial

responsibilities, *Central Iowa Power Coop.*, 561 F.3d at 912, any federal issues present are not disputed enough or substantial enough to support federal-question jurisdiction.

* * *

Motion to remand, *Document No. 30*, granted. Slater's request for attorney's fees is denied. No basis exists for this relief: this was a good-faith jurisdictional skirmish. Column's motion to dismiss remains pending for the State court to resolve.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

4 April 2013